UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
New Jersey Carpenters Health Fund, On Behalf  :
of Itself and All Others Similarly Situated   :
                                              :
                        Plaintiffs,           :
                                              :
            -against-                         :
                                              :   Civil Action No. 1:08-CV-6762 (UA)
Lehman XS Trust Series 2005-5N, Lehman XS     :
Trust Series 2005-7N, Lehman XS Trust Series  :
2005-9N, Lehman XS Trust Series 2006-2N,      :
Lehman XS Trust Series 2006-16N, Structured   :
Asset Securities Corporation, Mark L. Zusy,   :
Samir Tabet, James J. Sullivan and Lehman     :
Brothers, Inc.,                               :
                                              :
                        Defendants.           :
-------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO REMAND

**SCHOENGOLD SPORN LAITMAN &
LOMETTI , P.C.**
  Samuel P. Sporn (SS-4444)
  Joel P. Laitman (JL-8187)
  Christopher Lometti (CL-9124)
  Frank R. Schirripa (FS-1960)
  Daniel B. Rehns (DR-5506)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile: (212) 267-8137

*Counsel for Plaintiff and The
Proposed Class*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND......................................................2

III. THERE IS NO BASIS IN FACT OR LAW FOR
     DEFENDANTS' REMOVAL OF THIS ACTION ..........................................................4

     A.   Defendants' Removal Pursuant to CAFA Fails Because CAFA Does Not
          Supersede the Specific Provisions In the Securities Act of 1933 Precluding
          Removal of this Action ................................................................................................4

     B.   Credit Suisse Defendants' Removal Pursuant to the
          Bankruptcy Code is Without Merit.............................................................................9

     C.   Credit Suisse Defendants' Reliance on the Diversity
          Removal Provision is Also Misplaced......................................................................11

VI.  CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Breuer v. Jim's Concrete of Brevard, Inc.*,
 538 U.S. 691 (2003)..................................................................................................5

*California Pub. Employees Ret. Sys. v. WorldCom, Inc.*,
 368 F.3d 86 (2d Cir. 2004).........................................................................................4

*In re Chateaugay Corp.*,
 213 B.R. 633 (S.D.N.Y. 1997) .................................................................................10

*In re Cuyahoga Equip. Corp.*,
 980 F.2d 110 (2d Cir. 1992) ......................................................................................9

*General Elec. Capital Corp. v. Pro-Fac Cooperative, Inc.*,
 No. 01-cv-10215 (LTS), 2002 U.S. Dist. LEXIS 10419 (S.D.N.Y. June 12, 2002) ........10

*Herman & MacLean v. Huddleston*,
 459 U.S. 375 (1983)..................................................................................................8

*Hernandez v. J.B. Hunt, Inc.*,
 Civ. No. 08-0057, 2008 U.S. Dist. LEXIS 22598 (E.D.N.Y. Mar. 20, 2008).....................4

*Lupo v. Human Affairs Int'l, Inc.*,
 28 F.3d 269 (2d Cir. 1994).........................................................................................4

*Luther v. CountryWide Home Loan Servicing LP*,
 No. 08-55865, 2008 U.S. App. LEXIS 15115 (9th Cir. July 16, 2008) ..................2, 5

*Luther v. Countrywide Home Loans Servicing LP*,
 Civ. No. 07-8165, 2008 U.S. Dist. LEXIS 26534 (C.D. Cal. Feb. 28, 2008)...................5

*May's Distributing Co. Inc. v. Total Containment Inc.*,
 No. 04-cv-535, 2005 U.S. Dist. LEXIS 2261 (M.D. Ala. Jan. 21, 2005) ..........................9

*Radzanower v. Touche Ross & Co.*,
 426 U.S. 148 (1976) ................................................................................................11

*Reiter v. Sonotone Corp.*,
 442 U.S. 330 (1979)..................................................................................................7

*Reves v. Ernst & Young*,
 494 U.S. 56 (1990)....................................................................................................8

*Susquehanna Commercial Fin., Inc. v. Herdocia*,
   No. 06-cv-5125, 2007 U.S. Dist. LEXIS 3345 (E.D.Pa. Jan. 17, 2007) ...........................10

*In re WorldCom, Inc. Sec. Litig.*,
   293 B.R. 308 (S.D.N.Y. 2003) ........................................................................................9

## **STATUTES**

15 U.S.C. § 77b(a)(1) ...............................................................................................................8

15 U.S.C. § 77k(a) ................................................................................................................1, 7

15 U.S.C. § 77l(a)(2).........................................................................................................1, 7, 8

15 U.S.C. § 77o...................................................................................................................1, 3, 6

15 U.S.C. § 77p(c) ...................................................................................................................5

15 U.S.C. § 77v................................................................................................................ *passim*

28 U.S.C. § 1332(d)(9)(c) ................................................................................................ *passim*

28 U.S.C. § 1334 ......................................................................................................................9

28 U.S.C. § 1441..........................................................................................................2, 11, 12

28 U.S.C. § 1452 ...............................................................................................................1, 2, 9

28 U.S.C. § 1453 ......................................................................................................................1

## **OTHER AUTHORITY**

Senate Report on Class Action Fairness Act of 2005 ..............................................................5, 6

**I.     INTRODUCTION**

This action was improperly removed and should be remanded to the Supreme Court of the State of New York, New York County. Plaintiff New Jersey Carpenters Health Fund (the "Carpenters Fund" or "Plaintiff") filed this action in New York Supreme Court New York County asserting claims under Sections 11, 12 and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77k, 77l and 77o. *See* Complaint, annexed to the accompanying Declaration of Joel P. Laitman ("Laitman Decl.") as Exhibit A.[1] The claims arise from Plaintiff's purchase of mortgage-backed securities issued by Lehman XS Trust Series 2005-5N ("Lehman XS Trust Series 2005-5N")[2] and the other Defendants pursuant to a Registration Statement which is alleged to have misrepresented the true impaired nature of the loan collateral purporting to support these debt securities. These misrepresentations and omissions are alleged to have adversely affected both the value of the securities and the likelihood that repayment obligations will be fully satisfied. (¶¶ 3, 34-72).

As amended in 1998, Section 22(a) of the Securities Act provides that class actions asserting Securities Act claims in state court may *not* be removed to federal court. *See* 15 U.S.C. §77v ("no case arising under this title and brought in any state of competent jurisdiction shall be removed to any court of the United States"). Despite this clear provision, Defendants have nevertheless removed this action to federal court, purporting to rely the removal provisions in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453 (*see* Defendants Lehman Brothers Inc.'s ("Lehman Brothers") and Structured Asset Securities Corporation's ("SASC") (collectively, the "Lehman Defendants") Notice of Removal, annexed to Laitman Decl. as

---

[1]     "¶" denotes a reference to a specific paragraph(s) in the Complaint.

[2]     As alleged, the Home Equity Mortgage Trust 2006-5 Certificates are not traded or listed on any national exchange (¶ 1), and thus are not subject to the exception to non removal under Section 16 of the Securities Act.

1

Exhibit B).

The purported grounds for removal are without merit. First, as the Ninth Circuit recently held in *Luther v. CountryWide Home Loan Servicing LP*, No. 08-55865, 2008 U.S. App. LEXIS 15115, at *6-7 (9th Cir. July 16, 2008), CAFA's removal provisions do not supersede the specific anti-removal provisions of Section 22(a) of the Securities Act. Further, the exception in CAFA for securities related claims is applicable.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises as a result of recent disclosures regarding the impaired nature of the loan collateral which purportedly supported or "backed" the Lehman XS Trust Series 2005-5N mortgage-backed securities (and related securities issued by Lehman XS Trust Series 2005-7N, Lehman XS Trust Series 2005-9N and Lehman XS Trust Series 2006-16N) (collectively, the "Lehman Certificates") purchased by the Carpenters Fund and the Class. In recent months, it has become clear that in a rush to obtain massive investment banking and other fees, Defendant Lehman Brothers and the other Defendants packaged impaired loans as collateral purportedly designed to support the repayment of the principal and interest owed to Plaintiff and the Class as a result of their purchase of the Lehman Certificates. The disclosures of default and delinquency rates among other events and disclosures have revealed that the loan collateral was far more risky and prone to non-payment or default than what Defendants had disclosed to investors, and thus that the statements in the applicable Registration Statements regarding the underwriting standards used to originate the loan collateral contained misstatements and omissions. (¶¶ 34-72). Defendants' practices are alleged to have adversely affected the value of the Lehman Certificates by decreasing the likelihood that the collateral will be sufficient to support repayment of principal and interest owed to Plaintiffs and the Class. Indeed, as alleged

the Carpenters Fund's holdings in Lehman XS Trust Series 2005-5N bonds have declined by approximately *64%* as disclosures emerged regarding the true manner in which the loan collateral was originated and as ratings agencies "reevaluated" the worth of the securities in light of, *inter alia*, the "aggressive underwriting" used to originate the bond collateral. (¶¶ 3, 34-72).

On June 23, 2008, Plaintiff properly filed this action in the New York Supreme Court New York County seeking relief against Defendants and only alleging claims brought pursuant to the 1933 Act for violations of Sections 11, 12(a)(2) and 15 ("Securities Act claims") on behalf of itself and similarly situated investors. As alleged in the Complaint, Defendants caused common Registration Statements to be filed with the Securities and Exchange Commission ("SEC") in connection with, and for the purpose of issuing over $10 billion of Lehman Certificates (¶¶ 1-2). The Complaint alleges that the Registration Statements omitted and/or misrepresented information about the underlying mortgages and the borrowers under those mortgages, and that as a result, the Certificates sold to Plaintiff and the Class were much riskier than represented in the Registration Statements. (¶¶ 2, 30-78). The Complaint alleges that Defendants owed Plaintiff and the other members of the Class who purchased the Certificates pursuant to the Registration Statement and Prospectus:

> the duty to … make a reasonable and diligent investigation of the statements contained in the Registration Statements and the Prospectuses, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

(¶ 88). Therefore, Plaintiff and the other members of the Class who hold the Certificates issued pursuant to the Registration Statements "have the right to rescind and recover the consideration paid" for their Certificates. (¶ 91). "Class members who have sold their Certificates seek damages to the extent permitted by law." (¶ 90).

3

On July 29, 2008, the Lehman Defendants removed this action to this Court based solely upon CAFA.

### III. THERE IS NO BASIS IN FACT OR LAW FOR DEFENDANTS' REMOVAL OF THIS ACTION

#### A. Defendants' Removal Pursuant To CAFA Fails Because CAFA Does Not Supersede The Specific Provisions In The Securities Act Precluding Removal of this Action

It is well-settled that any removal statute is to be construed "narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994); *see also, California Pub. Employees Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 100 (2d Cir. 2004); *Hernandez v. J.B. Hunt, Inc.,* Civ. No. 08-0057, 2008 U.S. Dist. LEXIS 22598 (E.D.N.Y. Mar. 20, 2008). Further, there is a "strong 'presumption' against removal jurisdiction," which means that defendants always have the burden of establishing that removal is proper. *Id*.

Here this presumption *against* removal is further bolstered by Section 22(a) of the Securities Act, which expressly precludes the removal of securities class actions as follows:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a, *et seq.*] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, ***except as provided in section 16(c) [15 USCS § 77p] with respect to covered class actions,*** of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 77a, *et seq.*]. Except as provided in section 16(c) [15 USCS § 77p(c)] [3]. ***no case arising under this*** **title [15 USCS §§ 77a *et seq.*] and brought in any State court of competent jurisdiction shall be removed to any court of the United States.**

15 U.S.C. § 77v.  (Emphasis added)[4]

---

[3]     As set forth above, it is alleged that the Lehman Certificates are not traded or listed on any national exchange (¶ 1), and thus are not subject to the exception to non removal under Section 16 of the Securities Act.

[4]     In 1933, in response to securities scandals in the late 1920s that had laid waste to the American capital markets, Congress enacted the Securities Act – the first of the federal securities laws to protect investors. *See* 15 U.S.C. § 77a, *et seq.*  In so doing, Congress expressly authorized aggrieved investors to bring claims under the Securities Act in *either* state or federal court. *Id.*  When Congress amended the Securities Act in 1998 pursuant to Securities Litigation Uniform Standards Act of 1998 ("SLUSA") the legislature preserved the specific anti-removal

The Lehman Defendants ignore this Securities Act provision, relying on CAFA as a basis for removal. However, as the Ninth Circuit ruled in *Luther* when faced with this precise issue, CAFA does not supercede the specific provisions of the Securities Act precluding removal of this action. *Luther*, 2008 U.S. App. LEXIS 15115, at *7.[5] In *Luther v. Countrywide,* 2008 U.S. Dist. LEXIS 26534, *supra*, Securities Act class claims were asserted with respect to the same type of mortgaged backed securities issued here. The action was filed in California state court but removed to federal court pursuant to CAFA. The Ninth Circuit affirmed remand of the action specifically citing Supreme Court authority, which mandates that specific statutory provisions not be controlled by a more general statute. *Luther*, 2008 U.S. App. LEXIS 15115, at *7

Moreover, CAFA provides, under Section 1332(d)(9), for an exception to federal jurisdiction for securities-related claims which is fully applicable here  The exception is applicable to a claim:

> "that relates to the **rights, duties** (including fiduciary duties), and **obligations** relating to or created by or pursuant to any security (as defined under section 2(a)(l) of the Securities Act of 1933 and the regulations issued thereunder)."

28 U.S.C. §1332(d)(9)(A)-(C). (Emphasis added).[6]

---

provision in Section 22(a) of the Securities Act precluding removal of this action. Thus, as a unanimous Supreme Court stated in *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003), removal under Section 22(a) and other specific non-removal statutes is prohibited, for "[w]hen Congress has 'wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms."

[5]    As reflected in the Senate Report on CAFA and noted in *Luther v. Countrywide Home Loans Servicing LP,* Civ. No. 07-8165, 2008 U.S. Dist. LEXIS 26534 (C.D. Cal. Feb. 28, 2008) aff'd, No. 08-55865, 2008 U.S. App. LEXIS 15115, at *6-7 (9th Cir. July 16, 2008) (*see* discussion, *infra*, at section III. B.) CAFA was enacted for wholly other purposes: to curb "coupon settlements" in consumer class actions and eliminating consumer class actions which avoided federal jurisdiction by naming as a local defendant whose local residence defeated federal diversity jurisdiction**.**  The legislative history of CAFA reflects a clear intent to preserve the provisions of the Securities Act as amended by SLUSA not repeal or abrogate them as removal of this action under CAFA would require.  *See* note 3, *infra*.

[6]    The Senate Report on CAFA makes clear these exceptions were designed to be ***consistent with*** the Securities Act as amended by SLUSA. For example, the Senate Report states as follows:

5

This exception is applicable here since allegations in this case challenge the representations made in a Registration Statement and Prospectus regarding the loan collateral supporting repayment of the debt obligations owed to Plaintiffs and the Class, and thus relates directly to the *"rights, duties and obligations"* arising from the mortgage backed securities issued by Lehman XS Trust Series 2005-5N and the other Defendants named herein.

Defendants acknowledge that Plaintiff's causes of action are based solely on violations of Sections 11, 12(a)(2) and 15 of the 1933 Act. (*See* the Lehman Defendants' Notice of Removal at ¶ 2). Here, Plaintiff's claims relate solely to the rights, duties, and obligations relating to or created by the Certificates, issued by Defendants pursuant to the Registration Statements and Prospectuses, which Plaintiff and other Class members purchased. The statute's plain wording encompasses those rights, and any interpretation of the statute should "give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979).

Section 11 of the Securities Act gives an aggrieved investor the *right* to bring an action in

---

"Pursuant to new subsection 1332(d)(9), the Act excepts from new subsection 1332(d)(2)'s grant of original jurisdiction those class actions that solely involve claims that relate to matters of corporate governance arising out of state law. *The purpose of this provision is to avoid disturbing in any way the federal vs. state court jurisdictional lines already drawn in the securities litigation class action context by the enactment of the Securities Litigation Uniform Standards Act of 1998 (P.L. 105–353)."*

Senate Report on CAFA, at 45.

"***In order to be consistent with the exceptions*** to federal diversity jurisdiction granted under new section 1332(d), new subsection 1453(d) provides that the class action removal provisions shall not apply to claims involving covered securities or corporate governance litigation. **In addition, claims concerning a covered security, as defined in section 16(f)(3) of the Securities Act of 1933 or section 28(f)(5)(E) of the Securities Exchange Act of 1934, are excepted from the class action removal rule as well. These are essentially claims against the officers of a corporation for a precipitous drop in the value of its stock, based on fraud.** *Because Congress has previously enacted legislation governing the adjudication of these claims, [*See Public Law 104–67, the ''Private Securities Litigation Reform Act of 1995,'' and Public Law 105–353, the ''Securities Litigation Uniform Standards Act of 1998.*]  it is the Committee's intent not to disturb the carefully crafted framework for litigating in this context.*"

Senate Report on CAFA, at 49-50.

6

very limited circumstances against sellers of securities who have **obligations** to buyers. The statute provides that when a Registration Statement contained an "untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security … may, either at law or in equity, in any court of competent jurisdiction, sue" various enumerated defendants. *See* 15 U.S.C. § 77k(a). As the United States Supreme Court has held:

> Section 11 of the 1933 Act allows purchasers of a registered security to sue certain enumerated parties in a registered offering when false or misleading information is included in a registration statement. The section was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering.

*See Herman & MacLean v. Huddleston,* 459 U.S. 375, 381-82 (1983).

Similarly, Section 12(a)(2) of the Securities Act creates an **obligation** of liability for, "[a]ny person who offers or sells a security … which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading to the person purchasing such security from him." *See* 15 U.S.C. § 77l(a)(2). The statute provides that the seller ***"shall be liable"*** to the purchaser if the seller fails to sustain certain defenses. *Id.*

Again, the language of the statute creating the right to bring this action and the obligations of the sellers to plaintiff purchasers is clear. These rights, duties, and obligations are created only when an issuer chooses to sell securities under the Securities Act, and are pursuant to and related to those securities. Thus, the CAFA exception applies here, and this case must be remanded to state court.

Finally, it cannot be disputed that the Certificates purchased by Plaintiff and other Class members are a security as defined under Section 2(a)(l) of the Securities Act. In *Reves v. Ernst*

7

*& Young,* 494 U.S. 56, 61 (1990), the Supreme Court explained that in defining a "security" under 15 U.S.C. § 77b(a)(1), Congress enacted a definition "sufficiently broad to encompass virtually any instrument that might be sold as an investment." Here, the present action is brought on behalf of Class members who acquired mortgage pass-through Certificates offered through the Registration Statement and Prospectus Statement. (¶ 1). Thus, these Certificates clearly fall within the definition of a security. Accordingly, since CAFA does not control the specific provisions of the Securities Act precluding removal and the securities exception under CAFA Section 1332(d)(9)(C) is applicable, removal under CAFA was improper and this action should be remanded to New York state court.

### IV.   CONCLUSION

As set forth above, the Lehman Defendants had no basis in fact or law to remove this action to federal court pursuant to CAFA. Thus, Plaintiff's action should be immediately remanded to state court as required under Section 22 of the Securities Act of 1933.

Dated:   New York, New York
             August 28, 2008

                                         Respectfully submitted,

                                         By:   /s/ Joel P. Laitman
                                                 Samuel P. Sporn (SS-4444)
                                                 Joel P. Laitman (JL-8187)
                                                 Christopher Lometti (CL-9124)
                                                 Frank R. Schirripa (FS-1960)
                                                 Daniel B. Rehns (DR-5506)
                                         **SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**
                                         19 Fulton Street, Suite 406
                                         New York, New York 10038
                                         Telephone: (212) 964-0046
                                         Facsimile: (212) 267-8137

                                         *Counsel for Plaintiff and The Proposed Class*

8

**CERTIFICATE OF SERVICE**

    I, Frank Schirripa, counsel for the Plaintiff, hereby certify that on August 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of much filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and by sending a copy of the foregoing to each of the addresses listed below:

SIMPSON THACHER & BARTLETT LLP
Michael J. Chepiga
mchepiga@stblaw.com
Paul C. Curnin
pcurnin@stblaw.com
Eric M. Albert
ealbert@stblaw.com
425 Lexington Avenue
New York, NY  10017-3954
Telephone (212) 455-2000
Facsimile:  (212) 455-2502
*Attorneys for Defendants Lehman Brothers Inc.*
*And Structured Asset Securities Corporation*

                                                   ___/s/   Frank R. Schirripa_____
                                                      Frank R. Schirripa