UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION                          Civil Action No. 09-MD-2017 (LAK)

This document applies to:

*In re Lehman Brothers Mortgage-Backed Securities
Litigation, No. 08-CV-6762*
------------------------------------------------------------X


# THE RATING AGENY DEFENDANTS' MEMORANDUM
# OF LAW IN OPPOSITION TO THE MBS PLAINTIFFS' MOTION
# TO LIFT THE PSLRA DISCOVERY STAY


Joshua M. Rubins                          Floyd Abrams
James J. Coster                           S. Penny Windle
SATTERLEE STEPHENS BURKE & BURKE LLP       Adam Zurofsky
230 Park Avenue, 11th Floor                Tammy L. Roy
New York, New York 10169                   CAHILL GORDON & REINDEL LLP
(212) 818-9200                             80 Pine Street
                                           New York, New York 10005
                                           (212) 701-3000
*Attorneys for Defendant Moody's Investors
Service, Inc.*
                                           *Attorneys for Defendant The McGraw-Hill
                                           Companies, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................3

I.      THE MBS PLAINTIFFS' REQUEST TO LIFT THE MANDATORY PSLRA
        DISCOVERY STAY IS NOTHING MORE THAN AN IMPERMISSIBLE
        FISHING EXPEDITION ........................................................................................ 3

II.     THE MBS PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF
        ESTABLISHING ANY OF THE "EXCEPTIONAL CIRCUMSTANCES"
        REQUIRED TO MODIFY THE MANDATORY PSLRA DISCOVERY STAY............. 5

        A.      The PSLRA's Mandatory Stay Should Not be Modified Because the
                MBS Plaintiffs Have Failed to Demonstrate Any "Undue Prejudice" .................. 6

        B.      The PSLRA's Mandatory Stay Should Not be Modified Because the
                Discovery Sought is Not Particularized ............................................................... 10

        C.      The MBS Plaintiffs' Argument That The Relief They Seek Would
                Pose a "Minimal Burden" Is Unfounded and, In Any Event, Irrelevant .............. 11

CONCLUSION ................................................................................................................12

## TABLE OF AUTHORITIES

### CASES

*In re AOL Time Warner, Inc. Securities & "Erisa" Litigation,*
2003 WL 21729842 (S.D.N.Y. July 25, 2003) ................................................ 5, 9-10

*380544 Canada, Inc.* v. *Aspen Technology, Inc.,*
2007 WL 2049738 (S.D.N.Y. July 18, 2007) .............................................. 6, 7, 8-9

*In re Delphi Corp. Securities, Derivatives & "Erisa" Litigation,*
2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ................................................... 7-8

*In re Elan Corp. Securities Litigation,*
2004 WL 1303638 (S.D.N.Y. May 18, 2004) ...................................................... 12

*In re Fannie Mae Securities Litigation,*
362 F. Supp. 2d 37 (D.D.C. 2005) .............................................................. 10, 11

*Faulkner* v. *Verizon Communications, Inc.,*
156 F. Supp. 2d 384 (S.D.N.Y. 2001) ...................................................... 6, 10, 11

*In re Initial Public Offering Securities Litigation,*
236 F. Supp. 2d 286 (S.D.N.Y. 2002) ............................................................... 7

*Kelleher* v. *ADVO, Inc.,*
2007 WL 1232177 (D. Conn. Apr. 24, 2007) ....................................................... 6

*Mishkin* v. *Ageloff,*
220 B.R. 784 (S.D.N.Y. 1998) ...................................................................... 6

*Rampersad* v. *Deutsche Bank Securities Inc.,*
381 F. Supp. 2d 131 (S.D.N.Y. 2003) ............................................................... 9

*In re Refco, Inc. Securities Litigation,*
2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006) ..................................................... 7, 9

*In re Royal Ahold N.V. Securities & ERISA Litigation,*
220 F.R.D. 246 (D. Md. 2004) ...................................................................... 8

*Sarantakis* v. *Gruttadauria,*
2002 WL 1803750 (N.D.Ill. Aug. 5, 2002) ........................................................ 12

*SG Cowen Securities Corp. v. United States District Court,*
189 F.3d 909 (9th Cir. 1999) ...................................................................... 6

*In re Smith Barney Transfer Agent Litigation,*
2006 WL 1738078 (S.D.N.Y. June 26, 2006) ............................................. 6, 7, 9, 12

*Taft* v. *Ackermans,*
    2005 WL 850916 (S.D.N.Y. Apr. 13, 2005) ...................................................... 1, 5

*In re Vivendi Universal, S.A., Securities Litigation,*
    381 F. Supp. 2d 129 (S.D.N.Y. 2003) .................................................... 5,6,8, 9, 10

*In re WorldCom, Inc. Securities Litigation,*
    234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................................................ 8

## STATUTES AND CODES

15 U.S.C. § 78u-4(b)(3)(B) (2006) .............................................................. 1, 3n, 5-6

## LEGISLATIVE MATERIALS

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679............................................ 1, 6

Defendants The McGraw-Hill Companies, Inc. ("McGraw-Hill") and Moody's Investors Service, Inc. ("Moody's" and collectively, the "Rating Agency Defendants") respectfully submit this memorandum of law in opposition to the motion filed by Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers, Plaintiff New Jersey Carpenters Health Fund, and Plaintiff Boilermakers-Blacksmith National Pension Fund (the "MBS Plaintiffs") to lift the PSLRA discovery stay (the "MBS Motion").

**PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes an automatic and mandatory stay of discovery in all private securities class actions pending the determination of any motion challenging the legal sufficiency of the complaint.  This mandatory stay was designed to address several recognized abuses in private securities litigation, including the practice of plaintiffs filing frivolous lawsuits "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint."  S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.  Accordingly, Congress passed the PSLRA with the intent "that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint."  *Id*.  In recognition of the design and purpose of this provision of the PSLRA, courts have determined that only in "exceptional circumstances" may the mandatory stay be lifted.  *See*, *e.g.*, *Taft* v. *Ackermans*, 2005 WL 850916, at *4 (S.D.N.Y. Apr. 13, 2005).

On October 13, 2009, Lead Plaintiffs in *In Re Lehman Bros. Equity/Debt Securities Litigation*, 08-CV-5523-LAK (the "Equity/Debt Plaintiffs") filed a motion requesting the Court to lift the PSLRA discovery stay.  The Equity/Debt Plaintiffs seek the production of all "documents, deposition transcripts, and other information that Defendants, Lehman Brothers Holdings Inc. ('Lehman' or the 'Company'), Lehman-affiliated debtors, and third parties have

produced, or will soon produce, to governmental authorities and other litigants concerning investigations or litigation related to Lehman's bankruptcy." *See* Equity/Debt Plaintiffs' Memorandum of Law in Support of their Motion ("Equity/Debt Pl. Mem."), at 1.

On October 22, 2009, the MBS Plaintiffs filed a separate motion in this case, *In re Lehman Bros. Mortgage-Backed Securities Litigation*, No. 08-CV-6762, requesting that "to the extent the Court grants the Equity/Debt Plaintiffs' motion . . . the Court grant the same relief to [the MBS] Plaintiffs" here. *See* MBS Plaintiffs' Memorandum of Law in Support of their Motion ("MBS Pl. Mem."), at 4. The MBS Plaintiffs set forth no explanation whatsoever as to why or how the establishment of "exceptional circumstances" in the Equity/Debt case could similarly establish such circumstances in this case and, indeed, no basis for concluding that either case presents the sort of "exceptional circumstances" that would warrant the lifting of the mandatory PSLRA discovery stay. Rather, they offer the conclusory assertion that "[s]uch relief will prevent an undue prejudice to Plaintiffs and the proposed class," and then merely incorporate by reference the arguments made in the Equity/Debt Pl. Mem with respect to the Equity/Debt case. *See* MBS Pl. Mem., at 2 n.2.

As set forth in the Equity/Debt Defendants' Memorandum of Law In Opposition to Plaintiffs' Motion to Modify the PSLRA Discovery Stay ("Equity/Debt Defendants Opp. Br."), the Equity/Debt Plaintiffs have failed to meet their burden to demonstrate that they are entitled to the extraordinary relief of lifting the PSLRA discovery stay. Because the MBS Plaintiffs seek to lift the stay in this case *only to the extent* similar relief is granted to the Equity/Debt Plaintiffs, the MBS Motion should therefore fail along with the Equity/Debt Plaintiffs' Motion. Even if the stay were lifted in that case, however, that provides no basis for lifting the stay in this case. In fact, as demonstrated below, because the information sought here by the MBS Plaintiffs is

nothing more than an impermissible fishing expedition with respect to the claims asserted in this case and the MBS Plaintiffs have failed to carry their burden of demonstrating that the relief it requests is warranted here, the MBS Motion should be denied for these reasons as well.[1]

## ARGUMENT

### I. THE MBS PLAINTIFFS' REQUEST TO LIFT THE MANDATORY PSLRA DISCOVERY STAY IS NOTHING MORE THAN AN IMPERMISSIBLE FISHING EXPEDITION

Contrary to the MBS Plaintiffs' claims that it is seeking "particular and limited relief" (MBS Pl. Mem. at 4), Plaintiffs' request, when viewed against the actual allegations of the Amended Complaint ("AC") in this case, plainly shows that the MBS Plaintiffs' intent here is to engage in an impermissible fishing expedition that is wholly inconsistent with the goals of the PSLRA discovery stay.

Without providing any specificity about the particular documents they supposedly need or the asserted relevance of these documents to the MBS case, the MBS Plaintiffs essentially seek all documents produced, or that will soon be produced, to government agencies and private litigants that relate to the bankruptcy of Lehman Brothers Holdings Inc. ("Lehman"). For example, the MBS Plaintiffs' broad request would include "twenty-eight million pages" of documents produced to the examiner appointed in Lehman's Chapter 11 proceeding (the "Examiner"), which is "tasked with investigating," in the words of the Equity/Debt Plaintiffs, "whether there are any colorable claims for breach of fiduciary duty against [Lehman's] officers

---

[1]    The PSLRA provides that the mandatory stay may only be lifted upon a showing by the moving party that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The MBS Plaintiffs do not suggest that discovery is needed here "to preserve evidence." Rather, their request is based solely on their claim that, without the discovery they seek, the MBS Plaintiffs will suffer undue, albeit undefined, prejudice.

and directors" and "the events that occurred between September 2, 2008 and September 15, 2008 or prior that may have resulted in commencement of the Chapter 11 case." Equity/Debt Pl. Mem, at 6; *see also id.* at 8 (seeking "hundreds of thousands of pages of internal [Lehman] e-mails, including those of numerous high-level officers during the critical months leading up to Lehman's collapse"). The request would also include "ERISA plan materials" produced in suits against Lehman and/or related parties asserting claims under the Employment Retirement Income Security Act. *See id.* at 12.

Yet, the MBS Plaintiffs purport to bring claims here solely under the Securities Act of 1933 (the "1933 Act"). Specifically, they assert alleged misstatements and omissions regarding, *inter alia*, mortgage loan underwriting guidelines used in connection with offerings of mortgage-backed securities issued by certain trusts in 2005, 2006 and the first half of 2007. Putting aside the issue of whether or not the documents Plaintiffs now seek could ever be considered relevant to the Equity/Debt matter, the MBS Plaintiffs offer no explanation – and there can be none – as to how documents relating to the events leading up to the Lehman bankruptcy in September of 2008 would have any bearing on the claims asserted here in the AC. Furthermore, the MBS Plaintiffs have a pending request for leave to replead their claims here in the event the Court grants all or part of the MBS Defendants' motions to dismiss the Amended Complaint. *See, e.g.,* MBS Plaintiffs' Memorandum of Law in Opposition to Defendant Moody's Investors Service, Inc. and Defendant The McGraw-Hill Companies, Inc.'s Motions to Dismiss Plaintiffs' Consolidated Amended Securities Class Action Complaint, at 50 n.23. Since the discovery the MBS Plaintiffs now seek has no apparent relevance to their current claims, the MBS Plaintiffs' attempt here to engage in broad-based discovery can be seen as nothing other than an impermissible "fishing expedition" in search of a claim.

-4-

A lift of the mandatory PSLRA stay, however, cannot be granted to assist plaintiffs in finding some shred of support to salvage insufficiently-pled securities claims.  In fact, where courts cannot be assured that a plaintiff would refrain from using the potential fruits of the discovery it seeks in formulating new claims, courts routinely reject requests to lift the PSLRA-mandated stay.  *See, e.g., In re Vivendi Universal, S.A., Securities Litigation*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (denying plaintiff's motion to lift the PSLRA stay of discovery, in part, because the court could not "yet conclude that evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted"); *In re AOL Time Warner, Inc. Securities & "ERISA" Litigation*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (denying plaintiff's motion to lift the PSLRA mandatory stay, in part, because it could not be "assured that plaintiffs will not attempt to use the discovery materials in opposition to" a recently filed motion to dismiss).

The MBS Motion appears to have been filed in the hope that somewhere in the voluminous discovery provided to the Lehman Examiner, and other government agencies and litigants, the MBS Plaintiffs will find some basis to amend their insufficiently pled AC.  It would be entirely inconsistent with the purposes of the PSLRA to grant the MBS Plaintiffs the exception from the implementation of the PSLRA that they seek.

## II.    THE MBS PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF ESTABLISHING ANY OF THE "EXCEPTIONAL CIRCUMSTANCES" REQUIRED TO MODIFY THE MANDATORY PSLRA DISCOVERY STAY

As stated above, it is only in "exceptional circumstances" that a court will lift the stay before a motion to dismiss has been decided.  *See*, *e.g.*, *Taft*, 2005 WL 850916, at *4; *In re Vivendi*, 381 F. Supp. 2d at 130; *In re AOL Time Warner*, 2003 WL 21729842, at *1.  The statute itself outlines the "exceptional circumstances" that would permit relief from the mandatory PSLRA discovery stay.  Such circumstances are limited to those instances where

plaintiffs provide a clear showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). It is the moving party's burden to establish that either of these exceptions apply. *See, e.g., Kelleher* v. *ADVO, Inc.*, 2007 WL 1232177, at *3-*4 (D. Conn. Apr. 24, 2007); *Mishkin* v. *Ageloff*, 220 B.R. 784, 792-94 (S.D.N.Y. 1998) (Preska, J.). The MBS Plaintiffs do not come close to meeting their burden.

### A.    The PSLRA's Mandatory Stay Should Not be Modified Because the MBS Plaintiffs Have Failed to Demonstrate Any "Undue Prejudice"

To warrant the relief they request, the MBS Plaintiffs were required to demonstrate that they would suffer "undue prejudice" if denied the documents they now seek. Courts in this district have defined "'[u]ndue prejudice' in the context of a discovery stay [to] mean[] improper or unfair treatment amounting to something less than irreparable harm." *In re Smith Barney Transfer Agent Litigation*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (Pauley, J.) (citations omitted); *see also In re Vivendi*, 381 F. Supp. 2d at 130; *380544 Canada, Inc. v. Aspen Technology, Inc.*, 2007 WL 2049738, at *1 (S.D.N.Y. July 18, 2007) (Keenan, J.). The legislative history of the PSLRA provides as an "example" of "undue prejudice" that "the terminal illness of an important witness may necessitate the deposition of the witness prior to the ruling on the motion to dismiss." S. Rep. No. 104-98, at 14, 1995 U.S.C.C.A.N. at 693. "'[A]s a matter of law,'" however, the "'failure to muster facts sufficient to meet the Act's pleading requirements cannot constitute the requisite undue prejudice to the plaintiff justifying a lift of discovery stay under § 78u-4(b)(3)(B),'" because "'[t]o so hold would contravene the purpose of the Act's heightened pleading standards.'" *Faulkner* v. *Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 403 (S.D.N.Y. 2001) (Conner, J.) (quoting *SG Cowen Securities Corp. v. United States District Court*, 189 F.3d 909, 912-13 (9th Cir. 1999)).

Here, the MBS Plaintiffs present no credible claim that they will suffer *any* prejudice

whatsoever as a result of the PSLRA mandatory stay of discovery.  Rather, they summarily assert that lifting the stay "will serve to correct an increasing information disadvantage compared to other interested parties and will assist Plaintiffs in forming their strategy going forward in this litigation."  MBS Pl. Mem. at 4.  This assertion fails for two reasons.  First, because as set forth above, the documents the MBS Plaintiffs seek have no relevance to the claims asserted in this case, there is no "information disadvantage" by the fact that some private litigants or government officials may have these documents.  Secondly, Plaintiffs' alleged inability to form their litigation strategy without discovery is not evidence of undue prejudice.  "This is because 'delay is an inherent part of every stay of discovery required by the PSLRA.'"  *In re Smith Barney*, 2006 WL 1738078, at *2 (quoting *In re Initial Public Offering Securities Litigation*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (Scheindlin, J.)); *see also In re Refco, Inc. Securities Litigation*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) (Lynch, J.); *380544 Canada*, 2007 WL 2049738, at *4.  Requiring the MBS Plaintiffs to first establish the legal sufficiency of their claims before discovery is not "undue prejudice"; it is simply a requirement of the PSLRA.

The arguments that the MBS Plaintiffs adopt from the Equity/Debt Plaintiffs fare no better.  Specifically, the Equity/Debt Plaintiffs cite cases in which courts have taken the extraordinary step of lifting or modifying the PSLRA's mandatory stay in "unique circumstances" that are not present in this case, such as imminent or actual monetary settlements, or defendants who were bankrupt or on the verge of bankruptcy resulting in a limited pool of assets from which competing claimants could recover.  For example, the Equity/Debt Plaintiffs rely on *In re Delphi Corp. Securities, Derivatives & "Erisa" Litigation*, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007), which granted a modification of the PSLRA stay where defendants in the case had "already consented to substantial money judgments" in parallel proceedings and

plaintiffs in the stayed case faced "'being left with nothing.'"  Similarly, they cite *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) (Cote, J.) – a case in which the parties in both a securities class action and an ERISA class action were ordered to participate in settlement discussions with the same group of defendants and only the plaintiffs in the latter had access to the documents at issue.

The MBS Plaintiffs do not face any similar prejudice.  Indeed, the MBS Plaintiffs are seeking joint and several liability for their claims solely from 1) certain individual defendants that served as executives of Structured Asset Securities Corporation and signed the registration statements at issue; and 2) the Rating Agency Defendants, which rated certain of the mortgage backed-securities at issue.  The MBS Plaintiffs have not asserted that any of these defendants are on the verge of monetary settlements, nor are there court orders in place requiring the parties in the Equity/Debt litigation or the MBS litigation to commence settlement negotiations.  Nor is there any assertion that any of the MBS Defendants are on the verge of insolvency.  This case simply does not present the "unique circumstances" involved in *WorldCom* and *Delphi* or other similar cases.  *See also Vivendi*, 381 F. Supp. 2d at 130-131 (denying motion to lift PSLRA stay where there was "no evidence that plaintiffs face the same prospect, as in *WorldCom* . . . that they would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition"); *In Re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246, 250-53 (D. Md. 2004) (lifting the PSLRA mandatory stay as to an insolvent defendant, but upholding it as to a solvent defendant).

Where, as here, there are no "unique circumstances" present, courts in this district routinely deny requests to lift the PSLRA mandatory stay — regardless of whether the documents requested have been provided to government agencies.  *See 380544 Canada*, 2007 WL 2049738,

at *1, *3 (denying motion to lift PSLRA stay with respect to "'documents previously produced by [the defendants] to [governmental] regulators including' the SEC and the [Office of the United States Attorney]" in connection with civil and criminal investigations against the defendants, where "unique circumstances" did not exist); *In re Refco*, 2006 WL 2337212, at *1, *3 (denying motion to lift PSLRA stay with respect to "all documents that defendants have produced, or will be producing, to the SEC, the U.S. Attorney's Office" and other regulatory agencies, and "all documents that defendants have produced, or will be producing, in any other related litigation," where no "unique circumstances" were present); *In re Smith Barney*, 2006 WL 1738078, at *3 (denying motion to lift PSLRA stay with respect to documents produced by defendants to the SEC in connection with fraud investigation because plaintiffs had "identified no 'prejudice' beyond the routine delay arising from the PSLRA stay" and "[b]ecause no exceptional circumstances [were] present"); *In re Vivendi*, 381 F. Supp. 2d at 129, 131 (denying motion to lift PSLRA stay where documents at issue were "already produced by defendants to the United States Department of Justice, Securities and Exchange Commission," and other foreign regulatory agencies "in connection with civil and criminal investigations for misconduct by defendants," where "plaintiffs ha[d] not met their burden of showing 'exceptional circumstances' that render[ed] it necessary to lift the stay on discovery"); *Rampersad* v. *Deutsche Bank Securities Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (Swain, J.) (denying motion to lift PSLRA stay with respect to documents provided by defendants to the government and rejecting plaintiffs' contention that "the PSLRA stay of discovery does not apply when the information sought has already been provided to a governmental agency"); and *In re AOL Time Warner*, 2003 WL 21729842, at *2 (denying lift of PSLRA stay after finding that "Lead Plaintiff has not demonstrated that exceptional circumstances are present in this case requiring production

of documents previously produced to various government agencies").

In short, here, where the MBS Plaintiffs have not even attempted to satisfy their burden to show that they face "undue prejudice" in this case without immediate access to the documents they now seek, their Motion must be denied.

### B.    The PSLRA's Mandatory Stay Should Not be Modified Because the Discovery Sought is Not Particularized

The MBS Motion should also be denied because, like the Equity/Debt Plaintiffs' request, it is not sufficiently particularized.  Specifically, Plaintiffs in both cases seek a voluminous universe of documents produced (or that will be produced in the future) by Lehman and other unidentified third parties in at least eight separate investigations and proceedings involving Lehman.

Courts in this district have repeatedly held that such broad requests are not sufficiently particularized to satisfy the requirements of the PSLRA.  *See, e.g., In re Vivendi*, 381 F. Supp. 2d at 130 (finding that plaintiffs' request for documents already produced by defendants to the Department of Justice, the SEC and foreign regulatory agencies was, *inter alia*, not sufficiently particularized to support a partial lift of the PSLRA discovery stay); *Faulkner*, 156 F. Supp. 2d at 404 (denying plaintiffs' motion to lift the PSLRA discovery stay on the ground that plaintiffs' requested discovery of documents, testimony and transcripts "amounting to more than 45,000 pages of documents" was not particularized); *In re Fannie Mae Securities Litigation*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005) (rejecting plaintiffs' argument that their discovery request was sufficiently particularized "because they seek only documents that have already been produced in connection with governmental and regulatory investigations" because those documents were "voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint").

-10-

Indeed, courts are especially averse to modifying or lifting the PSLRA discovery stay where, as here, the universe of materials sought is likely to contain documents that are irrelevant to the plaintiffs' claims. *See Faulkner*, 156 F. Supp. 2d at 404 (finding that plaintiffs failed to satisfy the threshold burden of seeking "particularized discovery" where "many of [the] documents [sought] are not relevant to the securities fraud claim here"); *In re Fannie Mae*, 362 F. Supp. 2d at 39 (stating that the fact that "not all of the documents produced to the various agencies would be relevant to this litigation. . . . alone demonstrates a lack of particularity inconsistent with satisfying the burden required to justify a lift of the stay on discovery").

The MBS Plaintiffs' blanket request for a voluminous set of materials from unidentified entities in various investigations and proceedings simply is not "particularized." For this reason as well, the MBS Motion should be denied.

### C.     The MBS Plaintiffs' Argument That The Relief They Seek Would Pose a "Minimal Burden" Is Unfounded and, In Any Event, Irrelevant

The MBS Plaintiffs also claim that because they seek access to the same information that is being produced in connection with various investigations, modification of the PSLRA discovery stay will only impose a "minimal burden on the producing parties." *See* MBS Pl. Mem. at 4. First, there is no basis for such an assertion, especially considering the staggering volume of the materials referenced (albeit without particularity), the lack of any factual overlap between the requested materials and this litigation, and the monumental confidentiality and privileged issues that would be involved in any production. *See* Equity/Debt Defendants Opp. Br. at 14-15 (explaining that "[m]uch of what has already been produced by the Lehman bankruptcy state and the various third parties was done subject to protective orders" and includes "privileged documents . . . subject to a clawback agreement approved by the Bankruptcy Court").

Moreover, even assuming, solely for the sake of argument, that such a contention is

accurate, "[t]his consideration is irrelevant" because "[t]here is no exception to the discovery stay for cases in which discovery" would not pose a burden. *In re Smith Barney*, 2006 WL 1738078, at *3 (citing *Sarantakis* v. *Gruttadauria*, 2002 WL 1803750, at *4 (N.D.Ill. Aug. 5, 2002)). "The proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." *Id.* (citations omitted); *see also In re Elan Corp. Securities Litigation*, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) ("[T]he statute does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation.")

## CONCLUSION

For the reasons set forth above, the MBS Motion should be denied.

Dated: November 9, 2009                    Respectfully submitted,

/s/ Joshua M. Rubins_____        /s/ Floyd Abrams_____
Joshua M. Rubins                          Floyd Abrams
James J. Coster                           S. Penny Windle
SATTERLEE STEPHENS BURKE & BURKE LLP       Adam Zurofsky
230 Park Avenue, 11th Floor               Tammy L. Roy
New York, New York 10169                  CAHILL GORDON & REINDEL LLP
(212) 818-9200                            80 Pine Street
                                          New York, NY 10005
*Attorneys for Defendant Moody's Investors*  Telephone: 212-701-3000
*Service, Inc.*                             Facsimile: 212-269-5420

                                          *Attorneys for Defendants The McGraw-Hill*
                                          *Companies, Inc.*