USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                :      09 MD 2017 (LAK)
                                                      :
LEHMAN BROTHERS SECURITIES AND:
ERISA LITIGATION                                      :
                                                      :      ECF CASE
This Document Applies to:                             :
                                                      :
*In re Lehman Brothers Mortgage-Backed*                :
*Securities Litigation, No 08-CV-6762.*                :
                                                      :
-------------------------------------------------------X

**STIPULATION AND ~~(PROPOSED)~~ ORDER** *PRETRIAL ORDER No. 24*
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs New Jersey Carpenters Health Fund, Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust and Boilermakers-Blacksmith National Pension Trust and Defendants Lana Franks Harber, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

    1. Any Party, including non-parties who are subpoenaed in this case, may designate any documents, electronically stored information or other information produced by such Party in connection with discovery in this litigation (collectively, "Discovery Material"), as "Confidential" (referred to as "Confidential Material" herein) if, in good faith, the Party producing the Discovery Material (the "Producing Party") believes (a) the material contains non-public, proprietary or commercially sensitive information; (b) the material requires the

1211722.1 1

protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity; (c) the material contains personal or identifying information of any individual, including but not limited to social security numbers and financial account numbers.

2. The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order may only be made by the Producing Party and shall be made in the following manner: (a) in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) send within a reasonable period of time a written notice to counsel for all parties to this litigation indicating the portions of the testimony to which the Confidential designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript, including all copies thereof; (b) in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential information, (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" to each page of that addendum; (c) in the case of Discovery Materials produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend "Confidential" to such electronic storage medium and each page or unit of material; and (d) in the case of Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" to each page so designated.

3. Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose.

1211722.1 1

4. Confidential Material may be disclosed, <u>in all cases only in accordance with the provisions of this Stipulation and Order</u>, only to:

   a. the Court and Court personnel, as appropriate;

   b. witnesses, deponents or persons whom a party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

   c. each Party and its employees, officers, directors, representatives, general partners, limited partners and affiliates; provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

   d. each person identified in the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

   e. Court reporters or videographers employed in connection with this litigation;

   f. the Parties or counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

   g. experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

   h. any other person only upon order of the Court or with the written agreement of the Producing Party.

5. Every person given access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material

1211722.1 1

shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof. All persons listed in Paragraph 4(g) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the certification attached hereto before such access is provided and be advised that he or she will be subject to the Stipulation and Order.

6. Confidential Materials shall, if filed with or presented to the Court, be filed under seal unless otherwise ordered by the Court. In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as Confidential through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential Material used in the course of any court proceedings.

7. Any Party may challenge, at any time, the designation of material as "Confidential" pursuant to the procedures outlined in this paragraph. The Party seeking to challenge such a designation shall contact the Producing Party in a good faith effort to resolve the dispute. In the absence of the Parties coming to an agreement, the Producing Party shall file a motion to maintain the confidentiality of the disputed materials within 25 days of receiving written notice of a challenge to a Confidential designation. The Producing Party has the burden to show good cause for the Confidential designation. Should any such motion be filed, the motion shall be filed with the Court under seal. Until otherwise ordered by the Court, such material shall remain Confidential.

8. Any person receiving Confidential Material shall exercise reasonable care to prevent any disclosure of such Confidential Material other than pursuant to the provisions of

this Stipulation and Order. The Producing Party's rights and remedies with respect to any disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

9. Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

10. If any person (the "Recipient") having received Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient shall give actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In re:                                                :    09 MD 2017 (LAK)
                                                      :
LEHMAN BROTHERS SECURITIES AND:
ERISA LITIGATION                                      :
                                                      :    ECF CASE
This Document Applies to:                             :
                                                      :
*In re Lehman Brothers Mortgage-Backed*                :
*Securities Litigation, No 08-CV-6762.*                :
                                                      :
------------------------------------------------------X

STIPULATION AND ~~(PROPOSED)~~ ORDER  *PRETRIAL ORDER NO. 24*
GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs New Jersey Carpenters Health Fund, Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust and Boilermakers-Blacksmith National Pension Trust and Defendants Lana Franks Harber, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

    1. Any Party, including non-parties who are subpoenaed in this case, may designate any documents, electronically stored information or other information produced by such Party in connection with discovery in this litigation (collectively, "Discovery Material"), as "Confidential" (referred to as "Confidential Material" herein) if, in good faith, the Party producing the Discovery Material (the "Producing Party") believes (a) the material contains non-public, proprietary or commercially sensitive information; (b) the material requires the

1211722.1 1

protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity; (c) the material contains personal or identifying information of any individual, including but not limited to social security numbers and financial account numbers.

2. The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order may only be made by the Producing Party and shall be made in the following manner: (a) in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) send within a reasonable period of time a written notice to counsel for all parties to this litigation indicating the portions of the testimony to which the Confidential designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript, including all copies thereof; (b) in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential information, (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" to each page of that addendum; (c) in the case of Discovery Materials produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend "Confidential" to such electronic storage medium and each page or unit of material; and (d) in the case of Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" to each page so designated.

3. Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose.

1211722.1 1

4. Confidential Material may be disclosed, <u>in all cases only in accordance with the provisions of this Stipulation and Order</u>, only to:

   a. the Court and Court personnel, as appropriate;

   b. witnesses, deponents or persons whom a party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

   c. each Party and its employees, officers, directors, representatives, general partners, limited partners and affiliates; provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

   d. each person identified in the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

   e. Court reporters or videographers employed in connection with this litigation;

   f. the Parties or counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

   g. experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

   h. any other person only upon order of the Court or with the written agreement of the Producing Party.

5. Every person given access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material

1211722.1 1

shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof. All persons listed in Paragraph 4(g) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the certification attached hereto before such access is provided and be advised that he or she will be subject to the Stipulation and Order.

6. Confidential Materials shall, if filed with or presented to the Court, be filed under seal unless otherwise ordered by the Court. In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as Confidential through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential Material used in the course of any court proceedings.

7. Any Party may challenge, at any time, the designation of material as "Confidential" pursuant to the procedures outlined in this paragraph. The Party seeking to challenge such a designation shall contact the Producing Party in a good faith effort to resolve the dispute. In the absence of the Parties coming to an agreement, the Producing Party shall file a motion to maintain the confidentiality of the disputed materials within 25 days of receiving written notice of a challenge to a Confidential designation. The Producing Party has the burden to show good cause for the Confidential designation. Should any such motion be filed, the motion shall be filed with the Court under seal. Until otherwise ordered by the Court, such material shall remain Confidential.

8. Any person receiving Confidential Material shall exercise reasonable care to prevent any disclosure of such Confidential Material other than pursuant to the provisions of

this Stipulation and Order. The Producing Party's rights and remedies with respect to any disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

9. Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

10. If any person (the "Recipient") having received Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient shall give actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's

1211722.1 1

counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Confidential Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

11. This Stipulation and Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" that was obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

12. Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter. If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written or oral request, shall promptly return it, including all copies, and promptly destroy any notes concerning it. The Party Receiving Privileged Material may not refuse to return the material. Upon receipt of the returned materials, the Producing Party promptly shall provide a written good faith explanation of the basis for the privilege claim or claim of immunity. If the

Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the parties cannot resolve the dispute within a reasonable time, the Party Receiving Privileged Material may move the Court for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

13. This Stipulation and Order shall survive termination of this litigation. After receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals in which Confidential Material is permitted to be used, all persons having received Confidential Material shall, upon request of the Producing Party, make a good faith, commercially reasonable effort to either: (a) return such Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Material and certify that fact to the Producing Party. Outside counsel for the parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

14. This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.

1211722.1 1

15. This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Defendant, Plaintiff or Intervenor added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

Dated: September 27, 2011

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: *[signature]*
    Joel P. Laitman
    Christopher Lometti
    Richard A. Speirs
    Michael B. Eisenkraft
    Daniel B. Rehns
    Kenneth M. Rehns
88 Pine Street, Fourteenth Floor
New York, New York 10005
(212) 828-7797
(212) 828-7745 (Facsimile)

    Steven J. Toll
    Julie Reiser
    Joshua Devore
    S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Attorneys for Lead Plaintiffs*

SO ORDERED:

_____
Hon. Lewis A, Kaplan

**WOLLMUTH MAHER & DEUTSCH LLP**

By: *[signature]*
    William A. Maher
    Michael C. Ledley
500 Fifth Avenue
New York, New York 10110
212-382-3300
212-382-0050 (Facsimile)

*Attorneys for Defendants Lana Franks Harber, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy*

Notwithstanding anything to the contrary herein:

1. Any papers filed under seal in this action shall be made part of the public record on or after __11/9/16__ unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: 11/9/11

*[signature]*
Lewis A. Kaplan
United States District Judge

8

1211722.1 1

# CERTIFICATION

I, _____, a _____ of _____ hereby certify that I have read the attached Stipulation and Order of Confidentiality, dated _____, 201_. I hereby agree to be bound by the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulation and Order is punishable by contempt of Court.

Signature:_____          Dated: _____