# EXHIBIT B

Case 1:08-cv-06762-LAK   Document 178-5   Filed 01/13/12   Page 1 of 9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
                                                                   :
In re:                                                             :    09 MD 2017 (LAK)
                                                                   :
LEHMAN BROTHERS SECURITIES AND                                     :    **ECF CASE**
ERISA LITIGATION                                                   :
                                                                   :
This Document Applies to:                                          :
                                                                   :
*In re Lehman Brothers Mortgage-Backed*                            :
*Securities Litigation, No 08-CV-6762.*                            :
                                                                   :
-------------------------------------------------------------------X

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**
**WITH PREJUDICE**

**EXHIBIT B**

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2012, on the application of the Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement dated January 13, 2012 (the "Stipulation"). Full and adequate notice having been given to the Settlement Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and good cause appearing therefore,

NOW, THEREFORE, 1T IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes only. The Settlement Class consists of all persons or entities who purchased or otherwise acquired mortgage pass-through certificates pursuant or traceable to Structured Asset Securities Corporation's August 16, 2005 Registration Statement or May 10, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the following 17 offerings and who were damaged thereby: the LXS 2005-5N offering, LXS 2005-7N offering, LXS 2005-6 offering, LXS 2005-8 offering, LXS 2006-2N offering, LXS 2006-14N offering, LXS 2006-16N offering, LXS 2006-GP2 offering, GMFT 2006-AR4 offering, GMFT 2006-AR5 offering, SARM 2006-1 offering, SARM 2006-4 offering, SARM 2007-6 Offering, SASCO 2007-BC1 offering, SASCO 2007-EQ1 offering, SASCO 2007-OSI offering and FFMLT 2006-FFB offering (collectively, the "Certificates")  Excluded from the Class are Lehman Brothers Holdings, Inc. ("LBHI"), Lehman Brothers, Inc. ("LBI"), Structured Asset Securities Corporation ("SASCO"), Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

4. With respect to the Settlement Class, this Court finds, solely for the purposes of settlement, that:

    (a)    the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class;

  (c)  the claims by Class Representatives are typical of the claims of the Settlement Class;

  (d)  Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

  (e)  the questions of law and fact common to the members *of* the Settlement Class predominate over any questions affecting only individual members; and

  (f)  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

  5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Plaintiffs, Intervenors, the Settlement Class and each of the Class Members. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Settlement Class. The Court further finds that the record is sufficiently developed and complete to have enabled Class Representatives and Defendants to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. This Judgment is binding on all members of the Settlement Class (which does not include those persons listed in Exhibit 1 hereto who have validly and timely requested exclusion from the Settlement Class).

8. Pursuant to this Judgment, upon the Effective Date, Plaintiffs, Intervenors and each of the Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Released Parties' Claim, and shall forever be enjoined from pursuing any or all Released Parties' Claims, against any Released Party, whether directly or indirectly, whether on their own behalf or otherwise; and regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Settlement Class and timely excludes himself, herself or itself). By entering into this Settlement, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Parties' Claims, or any of them, to any other person or entity.

9. Pursuant to this Judgment, upon the Effective Date, Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Settled Claims, and shall forever be enjoined from prosecuting any or all of the Settled Claims, against Plaintiffs, Intevenors and their respective attorneys, and all other Class Members.

10. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 78aa-(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

12. Neither the Stipulation nor the Settlement shall be:

(a) offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or

Intevenors, or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties;

        (b)    offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Plaintiffs, Intevenors or any Class Member(s) as evidence of any infirmity in the claims of Plaintiffs, Intevenors or the other Class Member(s);

        (c)    offered or received against any of the Released Parties, or against Plaintiffs, Intevenors or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants or any other Released Party may refer to it to effectuate the protection from liability granted them hereunder;

        (d)    construed against any of the Released Parties, Plaintiffs, Intevenors or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

        (e)    construed against Plaintiffs, Intevenors or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that

damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

13. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Class Members, Defendants and/or the other Released Parties may file the Stipulation and/or this final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds, pursuant to 15 U.S.C. § 77(c)(1)*,* that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then

this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.


DATED: _____