

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

LEHMAN BROTHERS SECURITIES AND ERISA
LITIGATION

This Document Applies to:

*In re Lehman Brothers Mortgage-Backed Securities
Litigation, No. 08-CV-6762.*

09 MD 2017 (LAK)

**ECF CASE**

---

## ~~[PROPOSED]~~ ORDER ON PLAINTIFFS' COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter having come before the Court on June 21, 2012 on the application of counsel for Plaintiffs for an award of attorneys' fees and reimbursement of expenses incurred in this action ("the Fee and Expense Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of January 13, 2012 (the "Stipulation"), and filed with the Court.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion from the litigation and the Class.

3.      The "Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing," substantially in the form approved by the Order for Notice and Hearing dated March 23, 2012 was mailed to all persons

and entities reasonably identifiable who purchased the Lehman MBS Offerings, except those persons and entities excluded from the definition of the Class. In addition, the "Summary Notice of Pendency and Proposed Settlement of Class Action," again substantially in the form approved by the Court in the Order for Notice and Hearing, was published pursuant to the specifications of the Court. Settlement information posted on the Settlement's dedicated website and on the website of Lead Counsel, and a toll-free Interactive voice response system was also used to reach Class Members for further availability of the Notice to the Class. These methods for reaching and contact with the Class Members, together, are defined as "the Notice."

4.      The Court hereby finds that the Notice to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Fee and Expense Application, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law. A full opportunity has been offered to the Class Members to object to the Fee and Expense Application and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

5.      No Class Members have filed objections to or comments on the Fee Application.

6.      The Court hereby awards Lead Counsel attorneys' fees of ——— % of the Gross Settlement Fund, which is $ 5,157,602.10 _____, plus the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until the fee is paid, plus reimbursement of litigation expenses in the amount of $ 501,807.72 ____. The

2

Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-recovery" method and the lodestar method given the substantial risks of non-recovery, the substantial time and effort involved, and the result obtained for the Class.

7.     The awarded attorneys' fees and expenses and interest earned thereon shall be distributed to Lead Counsel subject to the terms, conditions and obligations of the Stipulation.

8.     Lead Counsel, subject to the terms of the Stipulation of Settlement, shall have the sole authority to allocate the Court-awarded attorneys' fees and expenses amongst Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

9.     Lead Counsel is authorized to pay the Claims Administrator for its work performed thus far, and shall pay the Claims Administrator's future invoices from the Net Settlement Fund as Lead Counsel determines is appropriate.

10.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 21st day of June 2012

_____
Hon. Lewis A. Kaplan (U.S.D.J.)