UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This document Applies Only to:<br><br>*Vallejo Sanitation and Flood Control District v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-06040-LAK;<br><br>*Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-01944-LAK;<br><br>*Contra Costa Water District v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-06652-LAK;<br><br>*City of Burbank v. Fuld, et al.*<br>S.D. N.Y. Case No. 1:09-cv-03475-LAK;<br><br>*City of San Buenaventura v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-03476-LAK;<br><br>*City of Auburn v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-03474-LAK;<br><br>*The San Mateo County Investment Pool v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-01239-LAK;<br><br>*Zenith Insurance Company v. Fuld, et al.*<br>S.D.N.Y. Case No. 1:09-cv-01238-LAK<br><br>*State Compensation Insurance Fund v.Richard S. Fuld, et al.,*<br>S.D.N.Y. Case No.: 1:11-cv-03892-LAK<br><br>*City of South San Francisco v. Citigroup Global Markets, Inc., et al.*<br>S.D.N.Y. Case No.: 1:09-cv-01946-LAK<br><br>*City of Long Beach v. Fuld, et al.*<br>S.D.N.Y. Case No.: l:09-cv-03467-LAK<br><br>*County of Tuolumne v. Ernst & Young, LLP, et al.* | Civil Action No.  09-MD-2017 (LAK)<br><br>**ECF CASE** |

S.D.N.Y. Case No.: 1:09-cv-03468-LAK
*City of Fremont v. Citigroup Global Markets, Inc., et al.*
S.D.N.Y. Case No.: 1:09-cv-03478-LAK

*County of Alameda v. Ernst & Young, LLP, et al.*
S.D.N.Y. Case No.: 1:09-cv-07877-LAK

*City of Cerritos v. Citigroup Global Market, Inc., et al.*
S.D.N.Y. Case No.: 1:09-cv-07878-LAK

*The California Public Employees' Retirement System vs. Richard S. Fuld, Jr., et al.,*
S.D.N.Y. Case No.: 11-cv-01281-LAK

*Washington State Investment Board vs. Richard S. Fuld, Jr., et al.,*
Civil Action No.
S.D.N.Y. Case No.: 09-cv-06041-LAK

*The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld., Jr., et al.,*
S.D.N.Y. Case No.: 10-cv-05201-LAK

*American National Insurance Company, et al. v. Richard S. Fuld, Jr., et al.,*
S.D.N.Y. Case No.: 1:09-cv-02363-LAK

**INDIVIDUAL ACTION PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY LIFT THE DISCOVERY STAY**

**TABLE OF CONTENTS**

I.    **INTRODUCTION**......................................................................................................... 1

II.   **FACTUAL AND PROCEDURAL HISTORY** ............................................................. 2

III.  **ARGUMENT** ................................................................................................................ 3

   A.  Continued Application Of The Stay Unduly Prejudices IA Plaintiffs .......................... 3

   B.  Lifting The Stay Imposes Minimal, If Any, Burden On The Defendants ..................... 6

   C.  IA Plaintiffs' Request Is Particularized .......................................................................... 6

   D.  Partially Lifting The Stay Does Not Frustrate the PSLRA's Legislative Purpose ..... 7

IV.  **CONCLUSION** .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Brigham v. Royal Bank of Canada*
  No. 08-cv-4431 (WHP), 2009 U.S. Dist. LEXIS 29398 (S.D.N.Y. Apr. 7, 2009) ............. 3

*Fisher v. Kanas*
  No. 06-cv-1187 (ETB), 2006 U.S. Dist. LEXIS 54563 (E.D.N.Y. Aug. 4, 2006) ............ 8

*In re Delphi Corp.*
  No. 05-md-1725, 2007 U.S. Dist. LEXIS 10408 (E.D. Mich. Feb. 15, 2007) ............... 5, 8

*In re Enron Corp. Secs., Derivative & "ERISA" Litig.*
  No. H-02-1150, 2002 U.S. Dist. LEXIS 26261 (S.D. Tex Aug. 16, 2002) ........................ 5

*In re Initial Pub. Offering Secs. Litig.*
  236 F. Supp. 2d 286 (S.D.N.Y. 2002) ................................................................................ 4

*In re LaBranche Sec. Litig.*
  333 F. Supp. 2d 178 (S.D.N.Y. 2004) ................................................................................ 7

*In re Lernout & Hauspie*
  214 F. Supp. 2d 100 (D. Mass. 2002) ................................................................................ 9

*In re Royal Ahold N.V. Sec. & ERISA Litig*
  220 F.R.D. 246 (D. Md. 2004) ........................................................................................... 6

*In re Smith Barney Transfer Agent Litig.*
  05-cv-7583 (WHP), 2006 U.S. Dist. LEXIS 42646 (S.D.N.Y. Jun. 26, 2006) .................. 4

*In re Tyco Int'l, Ltd. Secs. Litig.*
  2000 U.S. Dist. LEXIS 11659 (D.N.H. July 27, 2000) ...................................................... 8

*In re WorldCom Sec. Litig.*
  234 F. Supp 2d 301 (S.D.N.Y. 2002) ....................................................................... 5, 7, 8

*Singer v. Nicor, Inc.*
  No. 02-c-5168, 2003 U.S. Dist. LEXIS 26189 (N.D. Ill. Apr. 23, 2003) .......................... 6

*Vacold LLC and Immunotherapy, Inc. v. Cerami*
  No. 00-cv-4024 (AGS), 2001 U.S. Dist. LEXIS 1589 (S.D.N.Y. Feb. 16, 2001) ............. 9

*Waldman v. Wachovia*
  No. 08-cv-2913, 2009 U.S. Dist. LEXIS 1988 (S.D.N.Y. Jan. 12, 2009) .................. 3, 7, 8

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B).................................................................................................... 3

I.       **INTRODUCTION**

The Individual Action Plaintiffs ("IA Plaintiffs")[1] respectfully submit this memorandum in support of their motion to partially lift the discovery stay.[2]  IA Plaintiffs request only that the Court lift the discovery stay for the limited purpose of making available written and documentary discovery already produced to the plaintiffs in *In re Lehman Brothers Equity/Debt Secs. Litig.*, 08 Civ. 5523 ("Class Plaintiffs") as well as providing IA Plaintiffs simultaneous access to additional discovery that occurs between the time of the limited purpose lifting of the stay until the Court rules on the pending motions to dismiss.[3]

The facts and circumstances have changed dramatically since this Court last denied a motion to modify the PSLRA discovery stay over two and a half years ago.  The Bankruptcy Examiner's Report in March 2010 was released, allegations in the Equity/Debt class action were partially sustained against defendants under the pleading standards of the PSLRA, settlements have been entered in the class actions and in certain individual actions, documents have been produced to the Class Plaintiffs, and defendants elected not to move to dismiss all claims in all IA Plaintiffs' actions, ensuring that each IA Plaintiff is entitled to pursue discovery in their cases.

Accordingly, this Court should grant IA Plaintiffs' motion to partially lift the PSLRA discovery stay because: (1) IA Plaintiffs are currently prejudiced by the stay; (2) partially lifting the stay would impose no (or very minimal) burden on defendants; (3) IA Plaintiffs' request for

---

[1] Individual Action Plaintiffs refers to the City of Auburn, City of Burbank, Contra Costa Water District, Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool, City of San Buenaventura, San Mateo County Investment Pool, Vallejo Sanitation and Flood Control District, Zenith Insurance Co., State Compensation Insurance Fund , City of South San Francisco, City of Long Beach, County of Tuolumne , City of Fremont, County of Alameda, City of Cerritos, the California Public Employees' Retirement System, Washington State Investment Board, the State of New Jersey, Department of Treasury, Division of Investment, and American National Insurance Company.

[2] IA Plaintiffs have informed Defendants that they would file this motion.

[3] Access to previously produced discovery is without prejudice to Individual Action Plaintiffs' rights to propound discovery after motions to dismiss have been ruled upon consistent with Pretrial Orders Nos. 1 and 3.

discovery is particularized; and (4) lifting the stay will not frustrate the legislative purpose of the PSLRA.[4]

## II. FACTUAL AND PROCEDURAL HISTORY

On January 9, 2009, this Court entered Pretrial Order No. 1, staying all discovery pursuant to the PSLRA, save from ERISA-related discovery, until further Court order (*See* Dkt. No. 1).  On October 13, 2009, the Class Plaintiffs filed a motion for limited relief from the PSLRA stay, seeking permission to obtain documents, deposition transcripts and other information that Lehman Brothers Holdings, Inc. ("Lehman"), Lehman-affiliated debtors and third-parties produced, or were producing, to governmental authorities and other litigants (Dkt. No. 189).  On December 11, 2009, this Court denied the Class Plaintiffs' motion, noting that continued application of the stay did not unduly prejudice Class Plaintiffs because there were no ongoing settlement discussions and there was no risk that the defendants would be insolvent if discovery was stayed until after the motion to dismiss.  *See* Case No. 1:08-CV-05523, Dkt. No. 189 at 2-3.

On July 27, 2011, this Court denied in part and granted in part Defendants' motions to dismiss the Class Plaintiffs' Third Amended Class Action Complaint (Dkt. No. 439) and thereafter on November 9, 2011 entered Pretrial Order No. 23, lifting the PSLRA stay.  The Court specified that "access to documents thus produced shall be withheld from parties in the individual cases subject to the PSLRA discovery stay."  (Dkt. No. 502).  Subsequent to that Order, Class Plaintiffs engaged in written and documentary discovery with Ernst and Young and subpoenaed Lehman, Lehman-affiliated debtors and third-parties.

Recently, the Class Plaintiffs have settled with the bank defendants and the director and officer defendants (Dkt. Nos. 894, 931).[5]

---

[4] The IA Plaintiffs are filing this motion without prejudice to their right to seek remand of their individual actions when such issue becomes ripe for adjudication.

[5] The Court also approved the settlement between the Bank Defendants and the Class Plaintiffs as well as the settlement between the director and officer defendants and the Class Plaintiffs.  *See* Dkt. Nos. 894 and 931.  Defendant Ernst & Young has not reached a settlement agreement with any plaintiffs in this multidistrict litigation.

2

### III. ARGUMENT

The stay provision of the PSLRA was enacted to limit abusive discovery seeking to coerce settlement from defendants based on unmeritorious lawsuits where plaintiffs hoped that discovery would reveal sustainable claims that had not been alleged in the complaint. *See* H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736. Under the PSLRA, the court has discretion to lift the stay under certain circumstances. Specifically, the PSLRA provides that:

> "[I]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, ***unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party***."

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

Thus, the key determination is whether modifying the stay is necessary to prevent undue prejudice or to preserve evidence and whether the request is sufficiently particularized. *Waldman v. Wachovia*, No. 08-cv-2913, 2009 U.S. Dist. LEXIS 1988, *4-5 (S.D.N.Y. Jan. 12, 2009).

### A. Continued Application Of The Stay Unduly Prejudices IA Plaintiffs

The PSLRA discovery stay may be lifted to prevent undue prejudice. 15 U.S.C. §78u-4(b)(3)(B). The Second Circuit has not addressed what a plaintiff must show to establish undue prejudice, but district courts have construed undue prejudice to mean "improper or unfair treatment amounting to something less than irreparable harm." *Brigham v. Royal Bank of Canada*, No. 08-cv-4431 (WHP), 2009 U.S. Dist. LEXIS 29398, at *3 (S.D.N.Y. Apr. 7, 2009) (citing *In re Smith Barney Transfer Agent Litig.*, 05-cv-7583 (WHP), 2006 U.S. Dist. LEXIS 42646, *4 (S.D.N.Y. Jun. 26, 2006)).[6] A district judge has discretion to lift the discovery stay and courts making this determination take all factors into account including, the defendants'

---

[6] Although undue prejudice to the plaintiffs must be shown, "courts have modified the discovery stay in securities class actions when doing so would not frustrate Congress's purposes in enacting the PSLRA." *Seippel v. Sidley, Austin, Brown & Wood LLP*, 2005 U.S. Dist. LEXIS 2388, at *4-5 (S.D.N.Y. Feb. 17, 2005). *See* Section D *infra*.

3

financial state, settlement negotiations, case management, and the effect of delay on plaintiffs' litigation strategy. *See In re Initial Pub. Offering Secs. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (noting that delay, coupled with other evidence of prejudice, may contribute to undue prejudice).

For example, in *Seippel v. Sidley, Austin, Brown & Wood LLP*, the court lifted the PSRLA discovery stay where the defendants, who were involved in investigations and "many other private lawsuits," had already produced documents to other private litigants and government agencies. 2005 U.S. Dist. LEXIS 2388, at *5-6 (S.D.N.Y. Feb. 17, 2005). There, the court relied on the minimal cost of discovery, as the documents had already been compiled for production, and found that the "plaintiffs would suffer severe prejudice if discovery in their case [wa]s delayed while government investigations and other lawsuits proceed[ed] ahead." *Id*.

Similarly, in *In re WorldCom Sec. Litig.*, the court partially lifted the discovery stay because the plaintiff "would essentially be the only major interested party in the criminal and civil proceedings against WorldCom without access to documents that currently form the core of those proceedings" and that "[i]f [the plaintiff] must wait until the resolution of a motion to dismiss to obtain discovery and formulate its settlement or litigation strategy, it face[d] the very real risk that it w[ould] be left to pursue its action against defendants who no longer have anything or at least as much to offer." 234 F. Supp 2d 301, 305-6 (S.D.N.Y. 2002); *see also In re Enron Corp. Secs., Derivative & "ERISA" Litig*., No. H-02-1150, 2002 U.S. Dist. LEXIS 26261, at *31-32 (S.D. Tex Aug. 16, 2002) (the court partially lifted discovery stay, finding "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse.").

This Court previously rejected a motion for a partial modification of the PSLRA stay holding *Worldcom* inapplicable because there were no ongoing settlement discussions and there was no risk that the defendants would be insolvent if discovery was stayed until after the motion to dismiss had been decided. *See* Dkt. No. 189 at 2-3. Here, the circumstances have changed dramatically in the two and a half years since this Court's previous order. Many defendants have

4

already settled with the Class Plaintiffs and the likelihood that assets will be available to satisfy future potential recoveries continues to diminish.

Recovery from certain of the defendants will depend largely on their respective insurance policies, which are being rapidly depleted. *See In re Delphi Corp.*, No. 05-md-1725, 2007 U.S. Dist. LEXIS 10408, at *24-25 (E.D. Mich. Feb. 15, 2007) (lifting stay where plaintiffs could be left without a settlement if their litigation did not keep pace with bankruptcy and SEC actions). In fact, this Court noted the fleeting nature of funds available to settle claims against former Lehman directors and officers in the Order approving the Class Plaintiffs settlement. *See* Dkt. No. 931 at 5 ("[I]f the Court did not approve the D&O Settlement, the $90 million Lehman insurance money currently on offer quickly would be depleted or consumed entirely. This would leave only the former directors' and officers' own resources in the event the class were successful at trial."). While relevant it is not necessary that a defendant be in imminent financial distress in order to grant relief from the PSLRA stay. For example, in *In re Royal Ahold N.V. Sec. & ERISA Litig.*, even though the defendant was a solvent, multi-national corporation, the court lifted the PSLRA stay because other parallel cases were proceeding to settlement. 220 F.R.D. 246, 251 (D. Md. 2004); *see also Singer v. Nicor, Inc.*, No. 02-c-5168, 2003 U.S. Dist. LEXIS 26189, at *5 (N.D. Ill. Apr. 23, 2003) ("[E]ven if [the defendant] is not bankrupt, the concerns expressed by the *Enron* and *WorldCom* courts are valid and present in this case.")

Additionally, ongoing settlement discussions unduly prejudice IA Plaintiffs because Class Plaintiffs are able to evaluate litigation strategy and settlement with the benefit of the documents and information produced to them by defendants while IA Plaintiffs must do so without it. This asymmetry of information unduly prejudices the IA Plaintiffs, because without having access to the discovery that is the subject of this motion, IA Plaintiffs are unable to fully evaluate the strengths and weaknesses of continued litigation versus settlement.

Finally, the coordinated cases are already three years old and counting. As detailed above, discovery will occur in this action as certain claims were not challenged by defendants and a discovery stay will only serve to cause unnecessary discovery delays when the motions to

5

dismiss are ruled upon. Witnesses' memories will soon begin to fade. This will result in undue prejudice to the plaintiffs. The IA Plaintiffs should be granted access to document discovery now so they can begin to prepare for depositions. To be clear, the IA Plaintiffs' request to partially lift the discovery stay does not seek the right to conduct depositions – it only seeks access to documents. The IA Plaintiffs simply point out that document discovery is necessary now so that, among other things, the IA Plaintiffs can put themselves in position to conduct depositions as soon as reasonably possible after a full lifting of the discovery stay.

Because IA Plaintiffs are unduly prejudiced, the PSLRA discovery stay should be lifted.

### B. Lifting The Stay Imposes Minimal, If Any, Burden On The Defendants

One of the primary purposes of the PSLRA discovery stay is to eliminate the costs of discovery on a securities defendant before the merit of a case is assessed at the motion to dismiss phase. However, the burden on the defendants "is slight when a defendant 'has already found, reviewed and organized the documents.'" *Waldman*, 2009 U.S. Dist. LEXIS 1988, at *4 (citing *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004).

Here, modifying the PSLRA stay to permit coordinated discovery with the Class Plaintiffs imposes no real burden on defendants because the information was already gathered and produced to the Class Plaintiffs. Additionally, defendants in the individual actions did not move to dismiss all of the IA Plaintiffs' claims and, as such, discovery will proceed at least with respect to those unchallenged claims. A vast majority of the documents are stored electronically and providing IA Plaintiffs access to the online depository comes at no cost to defendants. Courts faced with similar situations have found the defendant's burden to be minimal and ordered relief from the discovery stay. *Seippel*, 2005 U.S. Dist. LEXIS 2388, at *6; *LaBranche Sec. Litig.*, 333 F. Supp. 2d at 183; *WorldCom*, 234 F. Supp. 2d at 306.

### C. IA Plaintiffs' Request Is Particularized

A discovery request is "particularized" for purposes of the PSLRA when "'it is directed at specific persons'" and "'identifies specific types of evidence that fall within its scope.'" *Fisher v. Kanas*, No. 06-cv-1187 (ETB), 2006 U.S. Dist. LEXIS 54563, at *5-6 (E.D.N.Y. Aug. 4, 2006)

6

(quoting *In re Tyco Int'l, Ltd. Secs. Litig.*, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000)); *see also In re Worldcom*, 234 F. Supp. 2d at 301(the stay will only be lifted for a "clearly defined universe of documents.").

IA Plaintiffs seek only document discovery already provided to the Class Plaintiffs and any additional documents produced to Class Plaintiffs before the Court rules on the pending motions to dismiss.[7] *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 2000 U.S. Dist. LEXIS 11659, at *12 ("discovery is 'particularized' when it is limited to the discovery documents that have already been produced to others"); *Delphi Corp.*, 2007 U.S. Dist. LEXIS 10408, at *25 (discovery request was particularized because it was confined to materials already assembled and produced in response to governmental investigations); *Waldman*, 2009 U.S. Dist. LEXIS 1988, at *2-3 (It was "undisputed" that the discovery sought was sufficiently particularized because the plaintiffs' request was "limited to a set of documents already provided to state and federal regulators").

If and when the stay is lifted for all purposes, all plaintiffs would coordinate discovery on all matters going forward consistent with Pretrial Order Nos. 1 and 3.

### D. Partially Lifting The Stay Does Not Frustrate the PSLRA's Legislative Purpose

A partial lifting of the stay is warranted because neither of Congress' concerns when enacting the PSLRA discovery stay will be upset. *See, e.g. In re Lernout & Hauspie*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) (court partially lifted stay where "[n]either of the perceived abuses addressed by Congress [wa]s present"); *Vacold LLC and Immunotherapy, Inc. v. Cerami*, No. 00-cv-4024 (AGS), 2001 U.S. Dist. LEXIS 1589, at *24 (S.D.N.Y. Feb. 16, 2001) (court partially lifted discovery stay where the request "[did] not implicate a concern that plaintiffs [were] seeking discovery to coerce a settlement or to support a claim not alleged in the Complaint"). Continuing to impose the PSLRA discovery stay on the IA Plaintiffs will not

---

[7] IA Plaintiffs will treat all documents received prior to entry of a Protective Order identically to the manner agreed to by the producing party and the Class Plaintiffs.

advance the policy behind the PSLRA but instead will cause unneeded delay and cost. *See In re Lernout & Hauspie Sec. Litig.,* 214 F. Supp. 2d at 105-07 (The court concluded that staying all discovery until all motions to dismiss were resolved would not further Congress's objectives and that "once the PSLRA has been satisfied, the general presumption for liberal discovery provides the backstop.").

Here, no plaintiff is seeking discovery to uncover support for an unalleged claim. In fact, every movant pled at least one claim that defendant(s) elected not to challenge. As such, discovery is certain to proceed at least as to those claims. Moreover, the claims that have been challenged by defendants closely resemble the claims in the Equity/Debt action that this Court has already found to satisfy the PSLRA's pleading requirements. Thus, as there can be no reasonable dispute that at least certain of the IA Plaintiffs' claims are sustainable, there is no risk here that a partial lifting of the stay will frustrate the PSLRA's purpose of avoiding unjustified and abusive discovery.

Moreover, partially lifting the stay will allow for coordinated discovery with the Equity/Debt action, creating efficiencies and saving resources for the court and litigants. Lehman and defendant E&Y have already produced documents to Class Plaintiffs. These documents have been gathered, reviewed, and produced to the Class Plaintiffs and are housed in an electronic repository such that there is literally no burden to defendants in IA Plaintiffs' review of these already produced documents. Excluding the IA Plaintiffs from coordinated discovery until the motions to dismiss are decided increases the risk of duplicative discovery requests because IA Plaintiffs will be months behind, if not longer, in the ongoing discovery already commenced in the class action. Moreover, granting the IA Plaintiffs access to the documents now will enhance the likelihood of avoiding multiple depositions of the same witnesses.

Other courts dealing with situations where one action proceeds with discovery while another parallel action is subject to the PSLRA discovery stay have allowed a partial modification of the stay. For example, following the Deepwater Horizon disaster in the Gulf of

Mexico in 2010, two multidistrict litigation actions were formed -- *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,* on April 20, 2010, Case No. 2:10-md-02179 (E.D. La.) (not subject to a PSLRA stay) and a second action *In re BP P.L.C. Sec. Litig.*, Case No. 2:10-md-02185 (S.D.Tex.) (subject to the PSLRA stay). In an effort to avoid duplication of discovery, the PSLRA stay was lifted and the MDL 2185 securities plaintiffs participated in coordinated discovery with the MDL 2179 plaintiffs. *See In re BP P.L.C. Sec. Litig.*, Case No. 2:10-md-02185 (S.D.Tex.), at Dkt. No. 108-1.

      Here, the IA Plaintiffs request only to lift the discovery stay for the limited purpose of making available to the IA Plaintiffs the written and documentary discovery already produced to the Class Plaintiffs. This limited lifting of the stay will not frustrate the legislative purposes of the PSLRA and will avoid duplicative requests and create efficiencies.

///

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, IA Plaintiffs respectfully request that the Court grant their motion to partially lift the discovery stay.

Dated: July 16, 2012

Respectfully submitted,

COTCHETT, PITRE & McCARTHY, LLP

By: */s/ Matthew K. Edling*
      MATTHEW K. EDLING

Imtiaz A. Siddiqui (IS-4090)
One Liberty Plaza, 23rd Floor
New York, NY 10006
Telephone: (212) 201-6820
Facsimile: (646) 219-6678

Joseph W. Cotchett
Mark C. Molumphy
Matthew K. Edling (admitted pro hac vice)
Bryan M. Payne (admitted pro hac vice)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Attorneys For Plaintiffs City of Auburn, City of Burbank, Contra Costa Water District, Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool, City of San Buenaventura, The San Mateo County Investment Pool, Vallejo Sanitation and Flood Control District, and Zenith Insurance Company*

| **Irell & Manella LLP** | **Manatt, Phelps & Phillips, LLP** |
|---|---|
| By: /s/ | By: /s/ |
| John C. Hueston | Anthony J. Staltari |
| Alison L. Plessman | 7 Times Square |
| 1800 Avenue of the Stars, Suite 1900 | New York, NY 10036 |
| Los Angeles, CA 90067 | Tel: (212) 790-4500 |
| Tel: (310) 277-1010 | |
| | Phillip R. Kaplan |
| *Attorneys for Plaintiff State Compensation Insurance Fund* | Tara Church |
| | 11355 W. Olympic Blvd. |

Los Angeles, CA 90064
Tel:	(310) 312-4000
Fax:	(310) 312-4224

*Attorneys for Plaintiff State Compensation Insurance Fund*

**Pearson, Simon, Warshaw & Penny, LLP**

By: _____*/s/*_____

George S. Trevor
William Newsom
44 Montgomery Street
San Francisco, CA 94104
Tel:	(415) 433-9000

*Attorneys for Plaintiffs Cities of South San Francisco, Long Beach, Fremont and Cerritos and the Counties of Alameda and Tuolumne*

**Greer, Herz & Adams, LLP**

By: _____*/s/*_____

Andrew Mytelka
Eric Kirkpatrick
David Le Blanc
Roni Mihaly
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Tel:	(409) 797-3200

*Attorneys for Plaintiffs American National Life Insurance Company of Texas, Comprehensive Investments Services, Inc., and The Moody Foundation*

**Berger & Montague, P.C.**

By: _____*/s/*_____

Merrill G. Davidoff
Lawrence J. Lederer
Robin B. Switzenbaum
1622 Locust St.
Philadelphia, PA 19103
Tel:	(215) 875-3000

*Attorneys for Plaintiff The State of New Jersey, Department of Treasury, Division of Investment*

**Robbins Geller Rudman & Dowd LLP**

By: _____*/s/*_____

Thomas E. Egler
Matthew I. Alpert
Maureen E. Mueller
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:	(619) 231-1058

*Attorneys for Plaintiffs The California Public Employees' Retirement System and Washington State Investment Board*