UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=========================================X

In Re                                             No. 09MD2017(LAK)

LEHMAN BROTHERS SECURITIES and                    Plaintiff Remer's Initial Response to.
ERISA LITIGATION,                                 Pre-Trial Order No. 38

                                                  Remer Case No.1:10 –CV-02926-LAK
=========================================X

**Re: Sylvia Remer v. Richard S. Fuld, Jr., Ernst & Young, LLP, et al.**
   **Previously USDC Southern District of New York**
   **CA No. 1-10-502**

Plaintiff Sylvia Remer in the above captioned action (the individual actions) hereby submits her Initial Response to the Courts Pretrial Order 38, Dkt no. 1018 (the Order).

Plaintiff Sylvia Reamer commenced an action against the Defendants in the Civil Court of the County of Queens, City of New York which was thereafter removed to the to this court. Plaintiff also in this court filed and served and Amended Complaint. Thereafter the Defendants moved to dismiss numerous cases including the Remer action. Plaintiff Reamer filed and served an Affirmation in Opposition by John A. Tangredi. Esq. on behalf of Plaintiff Defendants' Motions to Dismiss Her Complaint, dated February 8, 2012. Defendants also moved to dismiss other cases (primarily from California) which did not include the Remer action. The court issued a Memorandum Opinion dated October 15, 2012 with regard to the Defendants' motion which did not include the Remer action. However the Order indicated that while it's overall decision maybe dispositive of the other actions and motions by dismissing such actions "with the possible exceptions of some causes of action based on the law of states other California". (Pre-Trial Order No. 38).

The Defendants submitted the defendants Joint Initial Response to Pre-– Trial Order 38

-2-

dated November 5, 2012. Although Plaintiff Remer previously opposed the Defendants motions the primarily as to the New York State causes of action, Defendants gratuitously asserted further opposition to Plaintiff Remer's action on page 7 of their Response. Plaintiff Remer knowing that most of her causes of action are based upon New York State law had no reason to believe the Defendant would additionally challenge the New York State causes of action in their Response.

The Defendants erroneously now claim that the entire Remer action should be dismissed citing a three-year statute of limitations. Such may be applicable to the Securities Act, however such assertion is misleading and incorrect as the New York State actions for fraud and misrepresentation and breach of warranty. Plaintiff Reamer reiterates the arguments contained in my affirmation in opposition which asserted that the New York State action based on fraud has a six-year statute of limitations and the action based on breach of warranty claim has a four-year statute of limitations. Furthermore the Amended Complaint fully complies, as argued in my affirmation in opposition, with the New York State pleading requirements for fraud actions which appears to differ from the standards in California, as noted by the court. Therefore to the extent applicable to the New York State actions Plaintiff Remer reasserts that her action should not be dismissed with the possible exception of certain transactions which are beyond the Securities Act statute of limitations.

Dated: White Plains, N Y
      November 16, 2012

John A. Tangredi, Esq.
Attorney for Plaintiff Sylvia Remer
14 Mamaroneck Ave, Suite 403
White Plains, N Y 10601
Tel: 914-428-5981
Fax: 914-428-3780