UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>ALL CASES | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE |

**[PROPOSED] PRETRIAL ORDER NO. \_\_\_\_**

(Pretrial Schedule and Coordinated Discovery Order)

In accordance with Pretrial Order No. 44, counsel for the parties in this multidistrict litigation met and conferred in person on December 17, 2012, and telephonically thereafter, with a view to agreeing on a proposed scheduling order and on other matters to facilitate the preparation of these cases for dispositive motions and trial. The parties' agreements are set forth below. The remaining parties in *In re Lehman Brothers Equity/Debt Securities Litigation* (08 Civ. 5523 (LAK)) (the "*Class Action*") are Lead Plaintiffs, the Structured Notes Plaintiffs, Defendant Ernst & Young LLP ("EY"), and Defendant UBS Financial Services, Inc. ("UBSFS").[1] The parties to the 31 remaining *Individual Actions* (defined below) include the plaintiffs and defendants in each action. The *Class Action* and the *Individual Actions* shall be known collectively as the "*Coordinated Actions.*"

---

[1] "Lead Plaintiffs" are, collectively, Alameda County Employees' Retirement Association, the Government of Guam Retirement Fund, the Northern Ireland Local Government Officers' Superannuation Committee, the City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and the Operating Engineers Local 3 Trust Fund. Lead Plaintiff Alameda County Employees' Retirement Association and plaintiff Oklahoma Firefighters Pension and Retirement System are the proposed Class Representatives for the *Class Action*.

**I.     PRETRIAL SCHEDULE**

The following schedule shall govern pretrial proceedings in the *Coordinated Actions*:

1.     **Initial Disclosures:**  Exchange of initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be completed on or before February 22, 2013.

2.     **Completion Of Production Of Documents:** Document production and privilege logs for currently outstanding document requests propounded in the *Class Action* shall be completed on or before February 8, 2013.  The parties may, however, propound additional discovery in accordance with the cutoff date for fact discovery and the protocols set forth below. The production of documents in the *Coordinated Actions* in response to any additional requests for production of documents served on or before February 15, 2013, shall be substantially completed on or before April 22, 2013 (although the Federal Rules of Civil Procedure regarding the timing of responses to requests for documents shall still apply).  Any documents withheld on the basis of a claimed privilege or protection shall be logged, and such privilege logs shall be supplied on a rolling basis with the document productions.

3.     **Identification Of Experts And Areas Of Testimony:**  Parties in the *Individual Actions* and *Class Action* that bear the burden of proof on an issue must identify areas on which they intend to offer expert testimony and the identities of the experts on or before August 9, 2013.

4.     **Identification Of Rebuttal Experts:** Parties in the *Individual Actions* and *Class Action* shall identify any rebuttal experts on or before September 13, 2013.

5.     **Fact Discovery Cutoff:** Fact discovery shall be completed on or before October 4, 2013.

6. **Expert Discovery:**  The parties' alternative proposals are set forth below.

**Proposal Of The Plaintiffs' Executive Committee;
Defendants EY And The Bank Defendants**

<u>Experts Reports in the *Class Action*</u>:  Exchange of initial expert reports and disclosures required pursuant to Fed. R. Civ. P. 26(a)(2) shall occur in the *Class Action* on or before <u>October 18, 2013</u>.

<u>Rebuttal Expert Reports in the *Class Action*</u>:  Exchange of rebuttal expert reports and disclosures required pursuant to Fed. R. Civ. P. 26(a)(2) shall occur in the *Class Action* on or before <u>November 15, 2013</u>.  The parties shall be governed by Fed. R. Civ. P. 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to rebuttal expert reports.

<u>Expert Discovery Cutoff in the *Class Action*</u>:  Expert discovery shall be completed in the *Class Action* on or before <u>December 20, 2013</u>.

<u>Expert Discovery in the *Individual Actions*</u>:  Scheduling of further proceedings (including expert discovery) in the *Individual Actions* shall take place after trial or resolution of the *Class Action,* at which time the parties in the *Individual Actions* will confer regarding a proposed schedule for expert discovery.[2]

**Proposal Of The Plaintiffs In The *Individual
Actions* And The Individual Defendants**

Expert discovery in the *Coordinated Actions* shall occur concurrently with the *Class Action* in accordance with the deadlines proposed above.

---

[2] Defendants EY and the Bank Defendants take no position on whether such scheduling in the *Individual Actions* should take place after trial or resolution of the *Class Action* or after the Court's entry of orders resolving all summary judgment motions in the *Class Action*.

7.      **Summary Judgment Motions:**  The parties' alternative proposals are set forth below.

      **Proposal Of The Plaintiffs' Executive Committee;**
      **Defendants EY And The Bank Defendants**

      Motions for Summary Judgment in the *Class Action*: Any motions for summary judgment shall be filed in the *Class Action* on or before February 21, 2014; any opposition to a motion for summary judgment shall be filed on or before April 22, 2014; and any reply brief in support of a motion for summary judgment shall be filed on or before June 2, 2014.

      Motions for Summary Judgment in the *Individual Actions*: The scheduling of further proceedings (including motions for summary judgment) in the *Individual Actions* will take place after trial or resolution of the *Class Action,* at which time the parties in the *Individual Actions* will confer regarding a proposed schedule for further proceedings, including a motion for summary judgment schedule.[3]

      **Proposal Of The Plaintiffs In The** *Individual*
      ***Actions* And The Individual Defendants**

      Motions for Summary Judgment in the *Coordinated Actions:*  Any motions for summary judgment shall be filed in the *Coordinated Actions* on or before March 31, 2014; any opposition to a motion for summary judgment shall be filed on or before May 30, 2014; and any reply brief in support of a motion for summary judgment shall be filed on or before July 9, 2014.

---

[3] Defendants EY and the Bank Defendants take no position on whether such scheduling in the *Individual Actions* should take place after trial or resolution of the *Class Action* or after the Court's entry of orders resolving all summary judgment motions in the *Class Action*.

8. **Pretrial Order And Trial Date In The *Class Action*:**  The parties' alternative proposals are set forth below.

**Executive Committee's Proposal:**  The Proposed Joint Pretrial Order for the *Class Action* shall be submitted on or before October 1, 2014.

**Defendants' Proposal:**  The Joint Pretrial Order for the *Class Action* shall be submitted no later than sixty (60) calendar days following the Court's entry of orders resolving all summary judgment motions in the *Class Action*.

## II.  COORDINATION OF DISCOVERY

### A.  Background

9. Pretrial Order No. 1 established the plaintiffs' "Executive Committee" (currently comprised of Bernstein Litowitz Berger & Grossmann LLP; Kessler Topaz Meltzer & Check LLP; and Girard Gibbs LLP) and the "Executive Committee Chair" (Max W. Berger of Bernstein Litowitz Berger & Grossmann LLP).

10. Pretrial Order No. 1 sets forth that only the plaintiffs' Executive Committee and the Executive Committee Chair have the authority to "coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions."

11. Pretrial Order No. 3 states that Pretrial Order No. 1 shall apply to all cases and in all respects to any related actions transferred to this Court as a result of a decision by the Judicial Panel on Multidistrict Litigation.

12. The 31 remaining *Individual Actions* include:  *City of Auburn v. Fuld, et al.,* Case No. 09-cv-03474-LAK (S.D.N.Y.); *City of Burbank v. Fuld, et al.,* Case No. 09-cv-03475-LAK

Case 1:11-cv-03745-LAK   Document 27-1   Filed 01/15/13   Page 6 of 15

(S.D.N.Y.); *Contra Costa Water District v. Fuld, et al.,* Case No. 09-cv-06652-LAK (S.D.N.Y.); *Mary A. Zeeb, Monterey County Treasurer, on behalf of the Monterey County Investment Pool v. Fuld, et al.,* Case No. 09-cv-01944-LAK (S.D.N.Y.); *City of San Buenaventura v. Fuld, et al.,* Case No. 09-cv-03476-LAK (S.D.N.Y.); *The San Mateo County Investment Pool v. Fuld, et al.,* Case No. 09-cv-01239-LAK (S.D.N.Y.); *Vallejo Sanitation and Flood Control District v. Fuld, et al.,* Case No. 09-cv-06040-LAK (S.D.N.Y.); *Zenith Insurance Co. v. Fuld, et al.,* Case No. 09-cv-01238-LAK (S.D.N.Y.); *City of South San Francisco v. Citigroup Global Markets Inc., et al.,* Case No. 09-cvv-01946-LAK (S.D.N.Y.); *American National Insurance Co., et al. v. Fuld, et al.,* Case No. 09-cv-02363-LAK (S.D.N.Y.); *City of Long Beach v. Fuld, et al.,* Case No. 09-cv-03467-LAK (S.D.N.Y.); *City of Tuolumne v. Ernst & Young LLP, et al.,* Case No. 09cv-03468-LAK (S.D.N.Y.); *City of Fremont v. Citigroup Global Markets, Inc., et al.,* Case No. 09-cv-03478-LAK (S.D.N.Y.); *Taussig v. Fuld,* Case No. 09-cv-03480-LAK (S.D.N.Y.); *Washington State Investment Board v. Fuld, et al.,* Case No. 09-cv-06041-LAK (S.D.N.Y.); *County of Alameda v. Ernst & Young LLP, et al.,* Case No. 09-cv-07877-LAK (S.D.N.Y.); *City of Cerritos v. Citigroup Global Markets, Inc., et al.,* Case No. 09-cv-07878-LAK (S.D.N.Y.); *Irene Kaufman and Bernice Kaufman, as Trustees of the Irene Kaufman Trust v. HSBC USA Inc., et al.,* Case No. 09-cv-7900-LAK (S.D.N.Y.); *Remer v. Fuld, et al.,* Case No. 10-cv-02926-LAK (S.D.N.Y.); *State of New Jersey, Dept. of Treasury, Division of Investment v. Fuld, et al.,* Case No. 10-cv-05201-LAK (S.D.N.Y.); *Epstein Real Estate Advisory Retirement Trust, et al. v Fuld, et al.,* Case No. 10-cv-05617-LAK (S.D.N.Y.); *Michael and Maria Lane, Individually and as Trustees of the Lane Family Trust UAD 2004, et al. v. Advisors Asset Management, Inc.*, Case No. 10-cv-06077-LAK (S.D.N.Y.); *Retirement Housing Foundation, et al. v. Fuld, et al.,* Case No. 10-cv-06185-LAK (S.D.N.Y.); *The California Public Employees' Retirement System v. Fuld, et al.,* Case No. 11-cv-01281-LAK (S.D.N.Y.); *Reeves v. Ernst & Young LLP,* Case No.

11-cv-02039-LAK (S.D.N.Y.); *Walker v. Ernst & Young LLP,* Case No. 11-cv-03552-LAK (S.D.N.Y.); *Schron, et al. v. Ernst & Young LLP, et al.*, Case No. 11-cv-05112-LAK (S.D.N.Y.); *C.V. Starr & Co., Inc. Trust, et al. v. Ernst & Young LLP*, Case No. 11-cv-03745-LAK (S.D.N.Y.); *State Compensation Insurance Fund v. Fuld, et al.,* Case No. 11-cv-03892-LAK (S.D.N.Y.); *Fifty-Ninth Street Investors LLC, et al. v. Fuld, et al.,* Case No. 11-cv-04278-LAK (S.D.N.Y.); *Danis v. Ernst & Young LLP, et al.*, Case No. 11-cv-09001-LAK (S.D.N.Y.).[4]

13.     On February 8, 2012, the Executive Committee submitted for the Court's consideration a Proposed Pretrial Order for the creation of a document depository (the proposed "Document Depository Order," attached hereto as "Exhibit A").

**B.     Discovery and Confidentiality**

14.     All parties to the *Coordinated Actions* shall be bound by the terms of a Stipulation and Proposed Order for the Production and Exchange of Confidential Information (the proposed "*Coordinated Actions* Protective Order," attached hereto as "Exhibit B").  The proposed *Coordinated Actions* Protective Order is intended to govern the use and dissemination of information or material produced in the *Coordinated Actions* in response to formal discovery requests and designated as "Confidential."

15.     The *Coordinated Actions* Protective Order shall replace any confidentiality orders previously agreed to or entered in any of the *Coordinated Actions*, including without limitation, the order entered by the Court dated October 7, 2009, in *In re Lehman Brothers ERISA Litigation* (08 Civ. 5598 (LAK)) [MDL ECF No. 186], and the Stipulation and Proposed Order for the

---

[4] Plaintiff Joseph P. Danis and defendants Moody's Investors Service, Inc., Moody's Corporation, Raymond McDaniel, Michael Kanef, and Brian M. Clarkson, parties in *Danis v. Ernst & Young LLP*, No. 11-cv-9001 (LAK), refer this Court to their January 7, 2013 letter to this Court requesting that discovery in that action be held in abeyance while the Court considers a pending motion to dismiss.

Production and Exchange of Confidential Information submitted in the *Class Action* on February 8, 2012.  Any information previously designated as confidential under any confidentiality orders previously agreed to or entered in any of the *Coordinated Actions* shall retain such designation under the *Coordinated Actions* Protective Order.

16. No discovery materials obtained by any party in the *Coordinated Actions* shall be shared with any other party in the *Coordinated Actions* that has not agreed in writing to be bound by the *Coordinated Actions* Protective Order, unless and until the Court enters the Protective Order or an order in substantially the same form as the *Coordinated Actions* Protective Order.

17. Subject to the terms of this Order, the *Coordinated Actions* Protective Order and the Document Depository Order, all discovery obtained by any plaintiff in any of the *Coordinated Actions* may be shared with any other plaintiff remaining in those actions at the time the discovery is to be shared.  All discovery obtained or produced by any defendant in any of the *Coordinated Actions* must be shared with any other defendant remaining in any of those actions at the time the discovery is to be shared.  All discovery obtained by any party in any of the *Coordinated Actions* shall be deemed discovered in each of those actions, with the exception that any depositions taken by the defendants in the *Individual Actions* for use exclusively in the *Individual Actions* pursuant to paragraph 41 shall neither be deemed discovery in the *Class Action* nor used in the *Class Action*.

18. To ensure cooperation and orderly and efficient case management, communications relating to the coordination of the *Coordinated Actions* (1) among and between plaintiffs' counsel; and (2) among and between defendants' counsel, shall not be deemed a waiver of the attorney-client privilege or the work-product doctrine.

### C. Coordination Protocols

19. To the extent that discovery in the *Individual Actions* and the *Class Action* have been stayed, such stays are lifted as of the date of entry of this Order, provided, however, that the defendants named as alleged underwriters of securities (the "Bank Defendants") in the *Coordinated Actions* with case numbers 09-cv-02363-LAK and 09-cv-03478-LAK, to the extent the Bank Defendants' motions to dismiss those actions remain undecided as of the date of entry of this Order, shall not be required to provide initial disclosures or other discovery in those actions until after their motions to dismiss are decided. Any Bank Defendant in these two actions whose motion to dismiss is denied in whole or in part after the date of entry of this order shall provide initial disclosures by either February 22, 2013 or thirty (30) days from the date of denial of the motion, whichever is later.

20. To the extent that discovery in the *Individual Actions* and the *Class Action* have been stayed, such stays are lifted as of the date of entry of this Order, provided, however, that defendants Michael L. Ainslie, Thomas H. Cruikshank, Sir Christopher Gent, and John D. Macomber in the *Coordinated Actions* with case numbers 09-cv-7900-LAK, 10-cv-5617-LAK, and 11-cv-3892-LAK, to the extent their motions to dismiss those actions remain undecided as of the date of entry of this Order, shall not be required to provide initial disclosures or other discovery in those actions until after their motions to dismiss are decided. Should any of their motions to dismiss in these three actions be denied in whole or in part after the date of entry of this order, they shall provide initial disclosures by either February 22, 2013 or thirty (30) days from the date of the first denied motion, whichever is later.

21. In order to coordinate discovery and make the prosecution and defense of the *Coordinated Actions* as efficient as possible, the following procedures shall apply:

i.        Counsel for plaintiffs in the *Individual Actions* have identified Mark C. Molumphy, Matthew K. Edling, and Imtiaz A. Siddiqui of Cotchett, Pitre, & McCarthy, LLP to serve as the liaison ("Liaison Counsel") between the *Individual Actions* and the Executive Committee for the *Class Action* for pretrial purposes in the *Coordinated Actions*.

ii.       Liaison Counsel shall have the following responsibilities with regard to the *Individual Actions*: (a) distribute to all plaintiffs' counsel in the *Individual Actions* those materials that they need to review to form and communicate their views regarding discovery and motion practice; (b) confer with all plaintiffs' counsel in the *Individual Actions* to obtain their views regarding discovery and any issues that need to be communicated to the Executive Committee or the Court; (c) communicate with plaintiffs' counsel in the *Individual Actions* regarding any discovery that plaintiffs believe should be taken; (d) communicate with the Court regarding any issues unique to the *Individual Actions*; and (e) coordinate the taking of any discovery that is unique to the *Individual Actions*.

iii.      The Executive Committee shall keep Liaison Counsel informed about discovery matters and other issues and proceedings of common interest to the *Coordinated Actions*. Liaison Counsel shall keep counsel for all other plaintiffs in the *Individual Actions* informed about discovery matters and other issues and proceedings of common interest to the *Coordinated Actions*. To assure cooperation and orderly case management, the communication of information among and between the Executive Committee and Liaison Counsel and counsel for the plaintiffs in the *Individual Actions* shall not be deemed a waiver of the attorney-client privilege or the work-product doctrine.

iv.       If any counsel for a plaintiff in the *Individual Actions* believes that Liaison Counsel has not sufficiently presented his or her views, he or she may contact the Executive Committee first, and then, should the issue remain unresolved after a reasonable time, the Court directly.

v.        Nothing in this Order shall limit the rights of any counsel for a plaintiff in the *Individual Actions* to make any motions, initiate or challenge any discovery, deal with the Court or take any other actions they deem necessary or appropriate to advance or protect their interests; provided that such actions otherwise comply with pretrial schedule and coordination provisions herein.

**D.      Written Discovery And Documents**

22.      The written and document discovery taken in the *Coordinated Actions* shall apply to each of the *Individual Actions* and the *Class Action*, as if such discovery was served or received directly in each one of the actions. All of the parties reserve their rights to object to the use of the written and document discovery on any and all grounds.

23. <u>Interrogatories and Requests for Admissions</u>:  Interrogatories and Requests for Admissions shall be governed by the Federal Rules of Civil Procedure and, where applicable, the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York.

24. <u>Access to Lead Counsel's Document Depository</u>:  Subject to their execution of the *Coordinated Actions* Protective Order and agreement to the terms of the Document Depository Order, or the Court's entry of such orders, and their agreement to pay reasonable costs, counsel for the plaintiffs in the *Individual Actions* shall have access to:

> i.  the Document Depository maintained by Lead Counsel;
>
> ii.  copies of all document requests served in the *Class Action* and any formal responses and objections served; and
>
> iii.  copies of all third-party subpoenas served in the *Class Action* and any formal responses and objections to third-party subpoenas served.

25.  At such time as they execute the *Coordinated Actions* Protective Order, or the Court enters the same, the plaintiffs in the *Individual Actions* shall also be subject to document discovery and written discovery in the *Coordinated Actions*, subject to this Order, the *Coordinated Actions* Protective Order and the Document Depository Order.

26.  The Executive Committee, in consultation with Liaison Counsel, shall conduct all document and written discovery for the *Coordinated Actions* in accordance with Pretrial Order Nos. 1 and 3.  Counsel for any of the plaintiffs in the *Individual Actions*, however, may serve non-duplicative document requests or other written requests on issues unique to the *Individual Actions* and/or which they believe in good faith were not previously or adequately covered by prior written requests.  Such counsel shall simultaneously serve the Executive Committee and all counsel in the *Coordinated Actions* with any such unique document and/or written discovery requests, correspondence in connection with such requests, and provide the Executive

Committee and all counsel in the *Coordinated Actions* with immediate access to such discovery once obtained.

27. In the event that an *Individual Action* is dismissed, the parties in that action shall abide by the document destruction/return protocols specified in the *Coordinated Actions* Protective Order and the plaintiff or plaintiffs in that action shall no longer have access to the Document Depository.

### E. Depositions

28. The Executive Committee, in consultation with Liaison Counsel, shall coordinate with the defendants' counsel for the scheduling and taking of all fact witness depositions for the *Coordinated Actions*, including noticing all depositions for the plaintiffs in accordance with Pretrial Order Nos. 1 and 3. The Executive Committee and Liaison Counsel shall serve as contact point for all defense counsel with regard to depositions for the *Coordinated Actions;* provided, however, that counsel for the plaintiffs in the *Individual Actions* retain the right to speak on their clients' behalves if counsel believes that Liaison Counsel has not sufficiently presented his or her views.

29. The Executive Committee, in consultation with Liaison Counsel, shall appoint representative(s) to serve as plaintiffs' spokesperson at all conferences and hearings on all deposition matters common to the *Coordinated Actions.* Liaison Counsel, in consultation with the Executive Committee and plaintiffs' counsel in the *Individual Actions,* shall appoint representative(s) to serve as plaintiffs' spokesperson at all conferences and hearings on all deposition matters unique to the *Individual Actions;* provided, however, that counsel for the plaintiffs in the *Individual Actions* retain the right to speak on their clients' behalves if counsel believes that Liaison Counsel has not sufficiently presented his or her views. Counsel for the Defendants in the *Coordinated Actions* reserve the right to do the same.

30. Any deposition taken in the *Coordinated Actions* may also be used in any of the *Individual Actions* or the *Class Action* – though all of the parties reserve their rights to object to the use of the deposition testimony on any and all grounds.

31. The Executive Committee, in consultation with Liaison Counsel, and counsel for the defendants shall consult before noticing depositions and shall make reasonable efforts to schedule depositions on dates convenient for other counsel.

32. On or before <u>March 8, 2013</u>, the Executive Committee, in consultation with Liaison Counsel, and defendants' counsel shall exchange lists of anticipated witnesses and proposed deposition dates, locations, and durations for the purpose of scheduling their depositions between <u>April 1, 2013,</u> and <u>June 28, 2013</u>, for the *Coordinated Actions*.

33. On or before <u>June 7, 2013</u>, the Executive Committee, in consultation with Liaison Counsel, and defendants' counsel shall exchange lists of anticipated witnesses and proposed deposition dates, locations, and durations for the purpose of scheduling their depositions between <u>June 29, 2013,</u> and <u>October 4, 2013</u>, for the *Coordinated Actions*.

34. The purpose of exchanging witness lists is to facilitate scheduling and does not limit the rights of the Executive Committee (in consultation with Liaison Counsel) or defendants to notice depositions of additional witnesses in accordance with this Order, the local rules and the Federal Rules of Civil Procedure.

35. In advance of each deposition, the Executive Committee and Liaison Counsel shall confer as to the areas of expected examination. Should any counsel in the *Individual Actions* identify any non-duplicative deposition discovery or deposition witness that is unique to the *Individual Actions*, the Executive Committee, in consultation with Liaison counsel, shall devise a process and guidelines to permit Liaison Counsel (or a representative chosen among counsel for the plaintiffs in the *Individual Actions*) to participate in the taking of the deposition.

In making the decision, the Executive Committee shall take into account the extent to which the deponent, topic, and/or time period is relevant and material to the plaintiffs' claims and the applicable defenses.  Nothing in this Order shall prevent counsel for plaintiffs in each *Individual Action* from attending and examining witnesses at any deposition, provided that any such examination is non-duplicative and follows consultation with the Executive Committee and Liaison Counsel in accordance with this Order.

36. No fact witness deposition in the *Coordinated Actions* may be taken for more than two (2) deposition days without consent of the parties or leave of the Court for good cause shown.  Neither side shall depose more than eleven (11) fact witnesses for more than one deposition day by one side without consent of the parties or leave of the Court for good cause shown.  No fact witness in the *Coordinated Actions* may be deposed more than once without consent of the parties or leave of the Court for good cause shown.

37. **Duration Of Depositions:**  A "deposition day" shall consist of one seven-and-one-half (7.5) hour day or two three-and-three-quarter (3.75) hour days, exclusive of breaks.

38. The presumptive limitation on the number of depositions under the Federal Rules of Civil Procedure shall not apply in the *Coordinated Actions* and the parties need not seek leave of Court to take in excess of ten (10) depositions.

39. **Number Of Deposition Days For The Plaintiffs In The *Coordinated Actions*:** On behalf of the plaintiffs in the *Coordinated Actions*, the Executive Committee, in consultation with Liaison Counsel, may notice no more than eighty (80) deposition days without further agreement among the parties or leave of Court.

40. **Number Of Deposition Days For The Defendants In The *Coordinated Actions*:** The parties have alternative proposals for the number of deposition days for the defendants in the *Coordinated Actions*:

14

**Plaintiffs' Proposal:** eighty (80) deposition days, without further agreement among the parties or leave of Court.

**Defendants' Proposal:** one hundred fifteen (115) deposition days, without further agreement among the parties or leave of Court.

41. **Number Of Deposition Days For The Defendants In The *Individual Actions:*** The defendants in the *Individual Actions* may notice no more than eighty-five (85) deposition days for use exclusively in the *Individual Actions* without further agreement among the parties or leave of Court. Such depositions shall neither be deemed discovery in the *Class Action* nor used in the *Class Action*.

42. The time taken for cross-examination of any deponent will not be deducted from the cross-examining side's total allotment of deposition days unless and until the time taken for cross-examination of a deponent exceeds the time taken for direct examination of that deponent or unless a party cross-notices a deposition noticed by another party.

43. The Executive Committee and defendants' counsel shall agree in advance on a system of numbering deposition exhibits to ensure that unique exhibit numbers, suitable for use at trial and in all motion papers and other submissions to the Court, are employed.

44. Parties may seek relief from these restrictions by application to the Court and a showing of good cause.

**SO ORDERED.**

Dated:_____, 2013

_____
Honorable Lewis A. Kaplan
United States District Judge