# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION

This document applies to:                          09 MD 2017 (LAK)

*In re Lehman Brothers Equity/Debt Sec. Litig.*
08 Civ. 5523 (LAK)
------------------------------------------------------------x

### [PROPOSED] PRETRIAL ORDER NO. ___
(Creation of a Document Depository)

LEWIS A. KAPLAN, *District Judge*

      The Court having conducted a status conference on November 8, 2011 and having entered Pretrial Order No. 23 that allows for document discovery to begin in the class action, it is hereby

      ORDERED, as follows:

      1.    All documents that defendants and non-parties produce in response to formal discovery requests served by Lead Plaintiffs in the above-captioned class action (the "Class Action") shall be maintained by Lead Counsel in a document depository (the "document depository").[1]

      2.    Upon entry of this order, any plaintiff in a coordinated individual action (an "Individual Plaintiff") not subject to the Private Securities Litigation Reform Act ("PSLRA")

---

[1] The "Lead Plaintiffs" for the Class Action include: Alameda County Employees' Retirement Association ("ACERA"), the Government of Guam Retirement Fund ("Guam"), the Northern Ireland Local Governmental Officers' Superannuation Committee ("NILGOSC"); the City of Edinburgh Council as Administering Authority of the Lothian Pension Fund ("Lothian"); and the Operating Engineers Local 3 Trust Fund ("Operating Engineers"). The "Lead Counsel" for the Class Action include: Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check LLP.

discovery stay may seek access to documents in the repository in accordance with the terms and limitations set forth in Paragraphs 3-6 below.

3. Upon the resolution of motions to dismiss filed in any coordinated individual action, any Individual Plaintiff who currently is subject to the PSLRA discovery stay may seek access to documents in the depository after providing written notification to counsel of record for all parties in the coordinated individual actions and the Class Action.

4. Within seven (7) days of receipt of written notification for access to the document depository, any party who has produced documents into the depository may object to such access by providing written notification to the counsel of record for all parties in the coordinated individual actions and the Class Action. In the event of a timely objection to an Individual Plaintiff's request for access to a party's documents in the depository, the Individual Plaintiff and the objecting party must meet and confer within seven (7) days of the objection to discuss the Individual Plaintiff's request. If the parties cannot resolve the objection through a meet and confer, then the Individual Plaintiff shall not have access to the objecting party's documents in the depository, but may serve the objecting party with a request for documents as provided for in Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Nothing herein, nor the production of documents into the depository by a party or third party, shall (i) alter, limit, expand or be deemed a waiver of a party's rights or obligations under the Federal Rules of Civil Procedure or other applicable rules or laws; (ii) preclude a party from serving a document request or other discovery request on another party or third party; (iii) relieve a party or third party from producing documents in response to a document request or responding to any other discovery request as required by the Federal Rules of Civil Procedure or other applicable rules or laws; (iv) alter in any way a party's burden with respect to discovery under the Federal Rules of Civil Procedure or other applicable rules or laws, including but not limited to a party's burden with respect to a motion to compel the production of documents; or (v) be deemed a waiver of the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, immunity or protection, or the right to object on any basis

permitted by law to the use of any information produced in any subsequent proceeding or other action, or the right to object on any basis permitted by law to any other discovery request in the class action or any coordinated individual action.

6. All documents produced into or retrieved from the depository shall be governed in accordance with a protective order to be entered by the Court, irrespective of whether such documents are produced prior to the entry of such protective order. Any documents that are produced into or retrieved from the document depository prior to the entry of a protective order shall be treated as highly confidential and be limited to attorneys' eyes only until the protective order takes effect.

7. Defendants to the Class Action and any third parties shall not be responsible for any costs associated with the maintenance of the document depository or the provision of documents in the document depository to any Individual Plaintiff.

Dated:

_____
Lewis A. Kaplan
United States District Judge