```
┌─────────────────────────────────────────┐
│ USDS SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____            │
│ DATE FILED: _____               │
└─────────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| ALL CASES | |

### ~~[PROPOSED]~~ PRETRIAL ORDER NO. *57*

**(Stipulation And Order For The Production And Exchange Of Confidential Information)**

**IT IS HEREBY STIPULATED, AGREED and ORDERED** that the following procedures shall govern the production and exchange of all documents, testimony taken at depositions or hearings, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged ("Discovery Material") by and among the remaining Parties in the above-captioned actions (the "Actions"):

1.     All Confidential Discovery Material, and any documents or information derived therefrom, shall be used solely for purposes of the Actions and may not be used for any other purpose whatsoever, including but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding.   Parties and their agents shall use reasonable steps to safeguard the confidentiality of all Confidential Discovery Material.  The attorneys of record for the Parties and all other persons receiving information governed by this Stipulation and Order for the Production and Exchange of Confidential Information ("Stipulation and Order") shall take all reasonable steps to ensure that the information and Confidential Discovery Material governed by this Stipulation

and Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons.

2.     Any person or entity, whether a party or non-party, producing Discovery Material in the Actions (a "Producing Party") may designate Discovery Material produced by it as "Confidential" if the Producing Party believes in good faith that such Discovery Material contains or reflects nonpublic confidential, personal, financial, proprietary, or commercially sensitive information (all such designated material being referred to as "Confidential Discovery Material"). All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as confidential in accordance with the provisions of this Stipulation and Order.  Any Party receiving Confidential Discovery Material (a "Receiving Party") may object to the "Confidential" designation and request the removal of such designation as outlined under the procedures in paragraph 12 of this Stipulation and Order.

3.     The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

a.     In the case of documents (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information):  by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; provided, however, that if a Producing Party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Discovery Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Discovery Material to the Receiving Party promptly after discovering that the information was inadvertently produced, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Stipulation and Order.

b.     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by

counsel to all Parties within thirty (30) business days after receiving a copy of the final transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The entirety of deposition transcripts and other pretrial testimony shall be treated as Confidential Discovery Material until the expiration of the thirtieth business day after receipt by counsel of a copy of the final transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Actions shall be deemed Confidential Discovery Material.

    c. In the case of any electronic data or documents that cannot be designated "Confidential" in the manner set forth above, or that are too voluminous to mark "Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to: (1) clearly mark the CD-ROM, DVD or other physical medium containing such electronic data or documents with the appropriate designation; and (2) describe the CD-ROM, DVD or other physical medium containing such electronic data or documents as "Confidential" in the transmittal letter associated with those materials. Lead Counsel for the plaintiffs in the Class Action will inform plaintiffs' counsel in the Individual Actions (as defined in the Pretrial Schedule and Coordinated Discovery Order) of any materials designated in this manner prior to the execution of this Stipulation and Order. Counsel for the defendants in the Class Action will inform defense counsel in the Individual Actions of any materials designated in this manner prior to the execution of this Stipulation and Order.

    4. A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material in whole or in part only to the following persons:

     a.     Special masters and/or third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff;

     b.     (i) In-house counsel for a Party in these Actions; (ii) outside counsel who represent a Party in these Actions; and (iii) the regular and temporary employees and service vendors of such in-house and outside counsel (including outside copying services and outside litigation support services) assisting in the conduct of these Actions; provided, however, that in all instances any disclosure may solely be for use in accordance with this Stipulation and Order;

     c.     (i) Experts or consultants and their employees and/or staff members engaged to assist counsel for a Party in the Actions; (ii) representatives of the named parties responsible for overseeing the Actions; (iii) any person whose deposition is noticed to be taken in the Actions pursuant to notice or subpoena, provided that such deponent is not provided with any Confidential Discovery Material before or after the deposition, without previously signing an undertaking in the form attached as Exhibit A; (iv) any deponent during his or her deposition in these Actions, provided that such deponent does not remove any Confidential Discovery Material from the deposition, without previously signing an undertaking in the form attached as Exhibit A; and (v) any trial witness in these Actions, provided that any such trial witness does not secure custody of the Confidential Discovery Material, without previously signing an undertaking in the form attached as Exhibit A.

     d.     The Court and court personnel in the Actions;

     e.     Court reporters or videographers employed in connection with the Actions;

     f.     Any current director, officer, or employee of the Party (or the parent of the Party) that produced such Confidential Discovery Material (and former directors, officers, or employees, provided that they were directors, officers, or employees at the time the Confidential Discovery Material was created);

g.      Any person who is identified as an author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony) or who is referred to in such Confidential Discovery Material; and

h.      Any other person only upon order of the Court.

5.      Every person given access to Confidential Discovery Material or information contained therein:

a.      Shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Actions, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order; and

b.      Shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

6.      Confidential Discovery Material may be provided to persons listed in paragraph 4(c)(i) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Actions, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with the Actions and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.  Confidential Discovery Material may be provided to persons listed in paragraphs 4(c)(ii) above provided that such persons sign an undertaking in the form attached as Exhibit A hereto, except that in-house counsel with oversight responsibility over, or consulted in connection with, this litigation are not required to sign the undertaking in the form attached as Exhibit A.  Persons previously provided an Exhibit A to execute pursuant to an earlier confidentiality stipulation in the class action will be required to execute the new Exhibit A in connection with the instant Confidentiality Stipulation and Protective Order.

5

7.     In the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document treated as "Confidential," counsel shall file a motion to file documents under seal, and the Parties agree that they will consent to the filing of any motion to file documents under seal concerning any Confidential Discovery Material or documents designated as "Confidential" pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material.  Only those documents or portions of documents containing Confidential Discovery Material shall be filed in a sealed envelope.  The Court shall allow the Parties to file a motion to file documents under seal simultaneously with the filing of motions, memoranda, or affidavits containing Confidential Discovery Material.

8.     Any documents designated as "Confidential" may be used in any proceeding in the Actions, including, if otherwise permissible, as evidence at any hearing or the trial of the Actions, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Nothing in this Stipulation and Order, however, shall preclude a Party or Producing Party from seeking an appropriate protective order from the Court, should that Party or Producing Party seek to maintain the confidentiality of material used in open court or on appeal.

9.     Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

a.     Operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

b.     Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order; and

6

c.      Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10.     Nothing in this Stipulation and Order shall bar or otherwise restrict counsel for any Party from rendering advice to their client with respect to the Actions, and in the course thereof, from relying upon the examination of Confidential Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Stipulation and Order.

11.     The Parties agree to be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) with respect to inadvertent production and claims of privilege.  The Parties will abide by the following procedure in connection with any inadvertent production of privileged materials:

a.      If a Producing Party has a good faith belief that a privileged document has been inadvertently produced, it shall promptly notify the Receiving Parties of the Producing Party's claim of privilege.

b.      Upon receipt of any notice claiming privilege with respect to a produced document, all other Parties (regardless of whether they agree with the Producing Party's claim of privilege) shall promptly:

(i)     use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in such Party's possession, custody, or control, and notify the disclosing Party that they have done so; and

(ii)    notify the Producing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced

7

documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B).

c.     To the extent a Receiving Party disputes the Producing Party's claim of privilege, the Receiving Party shall notify the Producing Party of its position within fourteen (14) business days of receiving the Producing Party's notice (the "Dispute Notification").  Within fourteen (14) business days of receiving the Dispute Notification, the Parties shall meet and confer in an effort to resolve their disagreement.  If the Parties are unable to resolve their disagreement, the Parties may submit the issue to the Court for a determination, and may submit any document(s) in dispute under seal in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

12.     In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential," the Party shall give written notice to counsel for the Producing Party (and the Parties, if the Producing Party is a non-party) that the "Confidential" designation is being challenged.  The Producing Party shall deliver to the challenging Party's counsel, within fourteen (14) business days after the Producing Party receives the notice of challenge, a written response in which the Producing Party states its agreement or refusal to withdraw the challenged designation. If the Producing Party refuses to withdraw the challenged designation, the Party purporting to challenge the designation may apply to the Court for an order or ruling holding that the challenged Discovery Material should not be deemed "Confidential."  On any such application, the burden of proof to maintain confidentiality will be placed upon the Producing Party.  Any Discovery Material as to which such an application is made shall continue to be treated as Confidential Discovery Material until the Court's decision on such an application is issued.

13.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Actions.  Within ninety (90) days after receiving notice of entry of an order, judgment or decree finally ending an action, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, all Parties who are no longer parties in any of

the remaining Actions shall use commercially reasonable efforts to destroy all such Confidential Discovery Material and material derived therefrom, and certify that fact to counsel for the Producing Party. Within ninety (90) days after receiving notice of entry of an order, judgment or decree finally ending an action, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, all other persons who are no longer persons entitled to receive Confidential Discovery Material as set forth in paragraph 4 of the Stipulation and Order in connection with any of the remaining Actions shall use commercially reasonable efforts to destroy all such Confidential Discovery Material and material derived therefrom, and certify that fact to counsel for the Producing Party.

14.    Outside counsel for the Parties and other persons subject to this Stipulation and Order shall be entitled to retain work product that contains, references or constitutes such Confidential information; provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

15.    If a Receiving Party is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding (including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body), and such subpoena or document demand seeks Confidential Discovery Material which was produced by a person or entity other than the recipient of such subpoena or document demand, unless otherwise required by law, the Receiving Party shall give written notice, as promptly as reasonably practicable and before the return date for such subpoena or document demand, to counsel for the person or entity who designated the Discovery Material as "Confidential." The Producing Party shall bear all responsibility for any objection to the production of such Confidential Discovery Material, except that the Receiving Party shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party unless compelled or otherwise required by law. Nothing in this

Stipulation and Order shall be construed as authorizing a party to disobey any law or court order requiring production of Discovery Material designated as "Confidential."

16.    This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Stipulation and Order has no effect upon, and shall not apply to, any information or material that: (a) was, is or becomes public knowledge, not in breach of this Stipulation and Order; or (b) is acquired or learned by the Receiving Party independent of discovery in these Actions.

17.    The Parties agree that this Stipulation and Order shall be applicable to discovery provided by any non-party from whom discovery is sought in these Actions.  Such non-party may obtain the protections of this Stipulation and Order by giving written notice to the Parties that it intends to be bound by the provisions of this Stipulation and Order, and designating that its provision of discovery is subject to the Stipulation and Order.  To the extent that any non-party produces Discovery Material in these Actions that contains confidential information of a Party to these Actions, that Party may designate such Discovery Material as "Confidential" for purposes of this Stipulation and Order by delivering written notice of such designation to the Parties within forty-five (45) days of receipt by counsel for all Parties of the non-party's production of such Discovery Material.  All documents produced by a non-party in the Actions shall be treated as Confidential Discovery Material until the expiration of the thirtieth business day after receipt by counsel for all the Parties of that production.

18.    It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in the Actions.  Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause.

19.    The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Stipulation and Order while entry by the Court is pending, shall be subject to the same sanctions and penalties as if this Stipulation

and Order had been entered by the Court.  Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

     20.     The terms of this Stipulation and Order shall not prevent any Party from moving the Court to amend, or provide relief from, this Stipulation and Order.  The Parties reserve their rights to oppose such a motion.

**SO ORDERED.**

Dated: _1/17/13_

_____
Hon. Lewis A. Kaplan
United States District Judge

Notwithstanding anything to the contrary herein

1.    Any papers filed under seal in this action shall be made part of the public record on or after _1/17/18_ unless the Court otherwise orders.

2.    Any person may apply to the Court for access to any papers filed under seal pursuant to this order.  Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: _1/17 /13_

_____
Lewis A. Kaplan
United States District Judge

Dated:  January 15, 2013

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
& GROSSMAN LLP**

_____/s/ David R. Stickney_____
David R. Stickney

Max W. Berger
Steven B. Singer
1285 Avenue of the Americas, 38th Floor
New York, NY 10019

David R. Stickney
Brett M. Middleton
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

Dated:  January 15, 2013

**KESSLER TOPAZ MELTZER
& CHECK LLP**

_____/s/ David Kessler_____
David Kessler
Kimberly Justice
Michelle Newcomer
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Co-Lead Counsel for Plaintiffs*

Dated:  January 15, 2013

**GIRARD GIBBS LLP**

_____/s/ Daniel Charles Girard_____
Daniel Charles Girard
Jonathan Levine
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846

*Counsel for the Structured Notes Plaintiffs*

12

Dated:  January 15, 2013                    LATHAM & WATKINS LLP

                                            _____/s/ Miles N. Ruthberg_____
                                            Miles N. Ruthberg
                                            Jamie L. Wine
                                            New York, New York 10022
                                            Tel: (212) 906-1200
                                            Fax: (212) 751-4864

                                            *Attorneys for Defendant Ernst & Young*


Dated:  January 15, 2013                    GIBSON, DUNN & CRUTCHER LLP

                                            _____/s/ Marshall R. King_____
                                            Marshall R. King
                                            Oliver M. Olanoff
                                            200 Park Avenue
                                            New York, NY 10166
                                            Tel:  (212) 351-4000
                                            Fax:  (212) 351-4035

                                            *Attorneys for Defendant UBS Financial
                                            Services Inc.*


Dated:  January 15, 2013                    DECHERT LLP

                                            _____/s/ Adam Wasserman_____
                                            Andrew Levander
                                            Kathleen Massey
                                            Adam Wasserman
                                            1095 Avenue of the Americas
                                            New York, NY 10036-6797
                                            Tel:  (212) 698 3500
                                            Fax:  (212) 698 3599

                                            *Attorneys for certain Lehman Directors*

13

Dated:  January 15, 2013

CLEARY GOTTLIEB STEEN
    & HAMILTON, LLP

_____/s/ Victor L. Hou_____

Mitchell Lowenthal
Victor L. Hou
Roger Cooper
1 Liberty Plaza
New York, NY 10006
Tel:    (212) 225-2000
Fax:    (212) 225-3499

*Attorneys for certain Bank Defendants*

Dated:  January 15, 2013

ALLEN & OVERY, LLP

_____/s/ Patricia M. Hynes_____

Patricia M. Hynes
Todd S. Fishman
1221 Avenue of the Americas
New York, NY 10020
Tel:    (212) 610-6300
Fax:    (212) 610-6399

*Attorneys for Defendant Richard S. Fuld, Jr.*

Dated:  January 15, 2013

PETRILLO KLEIN & BOXER LLP

_____/s/ Joshua Klein_____

Joshua Klein
Guy Petrillo
655 Third Avenue, 22nd Floor
New York, NY 10017
Tel:    (212) 370-0330
Fax:   (212) 370-0391

*Attorneys for Defendant Christopher M. O'Meara*

Dated:  January 15, 2013                    FRIED FRANK HARRIS SHRIVER
                                               & JACOBSON LLP

                                                 /s/ Israel David
                                            Audrey Strauss
                                            Israel David
                                            One New York Plaza
                                            New York, NY 10004-1980
                                            Tel:   (212) 859-8000
                                            Fax:   (212) 859-4000

                                            *Attorneys for Defendant Joseph M. Gregory*


Dated:  January 15, 2013                    FINN DIXON & HERLING LLP

                                                 /s/ Richard Gora
                                            Alfred Pavlis
                                            Richard Gora
                                            177 Broad Street
                                            Stamford, CT  06901-2048
                                            Tel:   (203) 325-5007
                                            Fax:   (203) 325-5001

                                            *Attorneys for Defendant Erin Callan*


Dated:  January 15, 2013                    CLEARY GOTTLIEB

                                                 /s/ David Y. Livshiz
                                            David Y. Livshiz
                                            One Liberty Plaza
                                            New York, NY  10006
                                            Tel:   (212) 225 2553
                                            Fax:   (212) 225 3999

                                            *Attorneys for Defendant Ian Lowitt*

15

Dated:  January 15, 2013                    MR BEAL & COMPANY

                                            _____/s/ Joseph Mendola_____
                                            Joseph Mendola
                                            110 Wall Street
                                            6th Floor
                                            New York, NY  10005
                                            Tel:   (917) 574-5392
                                            Fax:   (212) 983-4539

                                            *Attorneys for Defendant MR Beal & Company*


Dated:  January 15, 2013                    BOIES SCHILLER & FLEXNER LLP

                                            _____/s/ David Boyd_____
                                            David Boyd
                                            5301 Wisconsin Avenue, NW
                                            Washington, DC 20015
                                            Tel:   (202) 895-7593
                                            Fax:   (202) 237-6131

                                            *Attorneys for Defendant Incapital*


Dated:  January 15, 2013                    SCHINDLER COHEN & HOCHMAN LLP

                                            _____/s/ Daniel E. Shaw_____
                                            Daniel E. Shaw
                                            100 Wall Street, 15th Floor
                                            New York, NY  10005
                                            Tel:   (212) 277 6139
                                            Fax:   (212) 277 6333

                                            PILLSBURY WINTHROP SHAW PITTMAN LLP

                                            _____/s/ Ranah Esmaili_____
                                            Ranah Esmaili
                                            1540 Broadway
                                            New York, NY  10036
                                            Tel:   (212) 858-1747
                                            Fax:   (917) 464-8821

                                            *Attorneys for Defendant Williams Capital*

Dated:  January 15, 2013                      KASOWITZ BENSON TORRES & FRIEDMAN
                                              LLP

                                                  /s/ Leigh McMullan
                                              Michael Hanin
                                              Mark Ressler
                                              Leigh McMullan
                                              1633 Broadway
                                              New York, NY  10019
                                              Tel:    (212) 506 1808
                                              Fax:    (212) 835 5273

                                              *Attorneys for Defendant HVB*


Dated:  January 15, 2013                      ARNOLD & PORTER LLP

                                                  /s/ Stewart D. Aaron
                                              Stewart D. Aaron
                                              399 Park Avenue
                                              New York, NY 10022-4690
                                              Office: 212.715.1000
                                              Fax: 212.715.1399

                                              Kenneth G. Hausman
                                              Three Embarcadero Center
                                              Seventh Floor
                                              San Francisco, CA 94111-4024
                                              Office: 415.434.1600
                                              Fax: 415.677.6262

                                              *Attorneys for Defendant Charles Schwab & Co., Inc.*


Dated:  January 15, 2013                      KATTEN MUCHIN ROSENMAN LLP

                                                  /s/  William M. Regan
                                              David Bohan
                                              William M. Regan
                                              575 Madison Avenue
                                              New York, NY  10022
                                              Tel:    (212) 940-6541
                                              Fax:    (212) 894-5521

                                              *Attorneys for Defendant Cabrera Capital*

17

Dated:  January 15, 2013

SATTERLEE STEPHENS  BURKE & BURKE LLP


_/s/  David Lurie_____

Joshua Rubins
David Lurie
230 Park Avenue
New York, NY 10169
Tel:    (212) 818-9200
Fax:    (212) 818-9606

*Attorneys for Defendants Moody's Investor Service,*
*Inc., Moody's Corporation, Raymond McDaniel,*
*Michael Kanef, and Brian Clarkson*


**COTCHETT, PITRE & McCARTHY, LLP**

By:    _/s/ Matthew K. Edling_____
          MATTHEW K. EDLING

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:    (650) 697-6000
Fax:    (650) 697-0577

*Attorneys For Plaintiffs City of Auburn, City of*
*Burbank, Contra Costa Water District, Mary A.*
*Zeeb, Monterey County Treasurer, on Behalf of*
*the Monterey Count Investment Pool, City of*
*San Buenaventura, The San Mateo County*
*Investment Pool, Vallejo Sanitation and Flood*
*Control District, and Zenith Insurance*
*Company*


**GREER, HERZ & ADAMS, L.L.P.**

By:    _/s/ Eric J. Kirkpatrick_____
          ERIC J. KIRKPATRICK
One Moody Plaza, 18th Floor
Galveston, TX 77550
Tel:    (409) 797-3200
Fax:    (409) 766-6424


**BERGER & MONTAGUE, P.C.**

By:    _/s/ Merrill G. Davidoff_____
          MERRILL G. DAVIDOFF

1622 Locust Street
Philadelphia, PA 19103
Tel:    (215) 875-3000
Fax:    (215) 875-4604

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

Peter S. Pearlman
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07633
Tel:  (201) 845-9600
Fax:  (201) 845-9423

*Attorneys for Plaintiff The State of New Jersey,*
*Department of Treasury, Division of Investment*


**KLESTADT & WINTERS, LLP**

By:    _/s/ John E. Jureller, Jr._____
          JOHN E. JURELLER, JR.
570 Seventh Avenue, 17th Floor
New York, NY 10018
Tel:    (212) 972-3000
Fax:    (212) 972-2245

**THE LAW OFFICE OF ANDREW J. FRISCH**

Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, NY 10038
Tel:    (212) 285-8000
Fax:    (646) 304-0352

*Attorneys for Plaintiffs American National
Insurance Company of Texas, Comprehensive
Investment Services Inc. and The Moody
Foundation*

**REUBEN RAUCHER & BLUM**

Stephen L. Raucher
10940 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90024
Tel:    (310) 777-1990
Fax:    (310) 777-1989

*Attorneys for Plaintiffs Retirement Housing
Foundation, Foundation Property
Management, Inc. and RHF Foundation, Inc.*

**PEARSON SIMON WARSHAW PENNY, LLP**

By:    /s/ George S. Trevor
       GEORGE S. TREVOR

44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Tel:    (415) 433-9000
Fax:    (415) 433-9008

*Attorneys for Plaintiffs City of South San
Francisco, City of Long Beach, City of
Tuolumne, City of Fremont, County of Alameda
and City of Cerritos*

**McDERMOTT WILL & EMERY LLP**

By:    /s/ Michael R. Huttenlocher
       Michael R. Huttenlocher

340 Madison Ave.
New York, NY 10173
Tel:    (212) 547-5400
Fax:    (212) 547-5444

*Attorneys for Plaintiff Starr International USA
Investments LC and C.V. Starr & Co., Inc. Trust*

**ROBBINS GELLER RUDMAN & DOWD LLP**

By:    /s/ Thomas E. Egler
       THOMAS E. EGLER

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Tel:    (619) 231-1058
Fax:    (619) 231-7423

*Attorneys for Plaintiffs Washington State
Investment Board and The California Public
Employees' Retirement System*

**LAW OFFICE OF ERIC TAUSSIG**

By:    /s/ Eric A. Taussig
       ERIC A. TAUSSIG

Post Office Box 471
Moultonborough, NH 03254
Tel:    (603) 544-3010
Fax:    (603) 544-3009

*Attorneys for Plaintiff Eric A. Taussig*

19

**MANATT, PHELPS & PHILLIPS, LLP**

By:    /s/ Phillip R. Kaplan
       PHILLIP R. KAPLAN

11355 W. Olympic Blvd.
Los Angeles, CA 90064
Tel:    (310) 312-4000
Fax:    (310) 312-4224

*Attorneys for Plaintiff State Compensation
Insurance Fund*


**ABBEY SPANIER RODD & ABRAMS,
LLP**

By:    /s/ Richard B. Margolies
       RICHARD B. MARGOLIES

212 East 39th Street
New York, NY 10016
Tel:    (212) 889-3700
Fax:    (212) 684-5191

*Attorneys for Plaintiffs Fifty-Ninth Street
Investors LLC, Arthur N. Abbey, Avi Schron
and Adina Schron, JTWROS*


**THE LOWE LAW FIRM**

By:    /s/ Jeffrey J. Lowe
       JEFFREY J. LOWE

8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Tel:    (314) 678-3400
Fax:    (314) 678-3401

*Attorneys for Plaintiff Joseph P. Danis*


**IRELL & MANELLA LLP**

By:    /s/ Alison L. Plessman
       ALISON L. PLESSMAN

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:    (310) 277-1010
Fax:    (310) 203-7199

*Attorneys for Plaintiff State Compensation
Insurance Fund*


**HARRY C. MEZER, P.C.**

By:    /s/ Harry C. Mezer
       HARRY C. MEZER

Box 432
Arlington, MA 02476-0052
Tel:    (617) 367-9900
Fax:    (617) 801-8500

*Attorneys for Plaintiffs Epstein Real Estate
Advisory Retirement Trust and Ben Joseph
Trust*


**JOHN A. TANGREDI**

By:    /s/ John A. Tangredi
       JOHN A. TANGREDI

14 Mamaroneck Avenue, Suite 403
White Plains, NY 10601
Tel:    (866) 568-5416
Fax:    (914) 428-3780

*Attorneys for Plaintiff Sylvia Remer*

DE VOS & CO. PLLC

By:   */s/ Lloyd De Vos*
       LLOYD DE VOS

1230 Avenue of the Americas, 7th Floor
New York, NY 10020
Tel:   (212) 786-1000
Fax:  (800) 223-1273

*Attorneys for Plaintiffs Irene Kaufman and*
*Bernice Kaufman, as trustees of the Irene*
*Kaufman Trust*

AGUIRRE, MORRIS & SEVERSON LLP

By:   */s/ Michael J. Aguirre*
       MICHAEL J. AGUIRRE

444 West C Street, Suite 210
San Diego, CA 92101
Tel:   (619) 876-5364
Fax:  (619) 876-5368

*Attorneys for Plaintiffs Michael Lane,*
*individually and as Trustee of the Lane Family*
*Trust UAD 2004 and Maria Lane, individually*
*and as Trustee of the Lane Family Trust UAD*
*2004, and Linda Harris*

21

**EXHIBIT A**

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| | ECF CASE |
| This Document Applies To: | |
| ALL CASES | |

**CERTIFICATION**

I hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, agree to be fully bound by its terms, and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation and Order. Upon the conclusion of the action or actions for which the Confidential Discovery Material has been provided and any appeals related hereto, or when I no longer have any reason to possess the Confidential Discovery Material, whichever shall first occur, I hereby agree to return all copies of information designated "Confidential" to the Party who furnished the same to me or certify that the same has been destroyed.

Dated: _____          Signature: _____